## DRURY *v.* HAYDEN.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

Submitted March 25th, 1884.—Decided April 7th, 1884.

*Mistake—Mortgage.*

Where in a recorded deed of land subject to a mortgage, an agreement of the grantee to assume and pay it is inserted by mistake of the scrivener and against the intention of the parties, and on the discovery of the mistake the grantor releases the grantee from all liability under the agreement, a court of equity will not enforce the agreement at the suit of one who, in ignorance of the agreement, and before the execution of the release, purchases the notes secured by the mortgage ; although the grantee, after the deed of conveyance to him, paid interest accruing on the notes.

This was an appeal from a decree in equity, in favor of the holder of promissory notes secured by a mortgage of land in Chicago, for the payment by the appellant personally of the sum due on those notes. The material facts appearing by the pleadings and proofs were as follows :

On July 28th, 1875, Solomon Snow, owning the land, made

two mortgages thereof, in the form of trust deeds, with power of sale in case of default in payment of the principal or interest of certain promissory notes of the same date, made by him to Joseph E. Lockwood; the first mortgage to Edwin C. Larned as trustee, to secure the payment of a note for $28,000, payable in five years, and the second mortgage to Roswell B. Bacon as trustee, to secure the payment of two notes for $6,000 each, payable in two and three years respectively; and on December 14th, 1875, conveyed the land by warranty deed to William C. Snow, subject to the two mortgages, which the latter assumed and agreed to pay and save him harmless from. On January 28th, 1876, William C. Snow conveyed the land by warranty deed to Isaac M. Daggett, subject to the two mortgages, but without any stipulation that Daggett should assume and pay them. On April 12th, 1876, Daggett conveyed the land by warranty deed to William Drury, subject to the two mortgages, "both of which said encumbrances the party of the second part herein assumes and agrees to pay." Each of the mortgages and deeds was duly recorded within a few days after its date. Drury, after receiving the conveyance to him, paid interest accruing on the notes secured by each mortgage.

The testimony of Daggett, of Drury, and of the broker who negotiated the sale between them, conclusively showed that the clause in this last deed, by which Daggett agreed to assume and pay the encumbrances, was inserted by mistake of the scrivener, without the knowledge and contrary to the intention and agreement of the parties. On July 12th, 1877, as soon as the mistake was discovered, Daggett executed a deed of release to Drury, reciting the mistake, and therefore releasing him from all liability, demand, or right of action, arising from or out of that agreement. This release was recorded on July 18th, 1877.

About November 1st, 1876, Annie E. Hayden, the appellee, purchased from Lockwood, for a valuable consideration, the two notes held by him and secured by the second mortgage. But she did not allege, or offer any evidence tending to prove, that at the time of purchasing the notes she knew of or relied upon the clause in the deed of April 12th, 1876. Her original bill in this case was filed on January 26th, 1878,

against the mortgagor, the trustees named in each mortgage, and the successive purchasers of the equity of redemption, for a foreclosure of the second mortgage and a sale of the land, by reason of default in the payment of interest on her notes, and for a personal decree against Drury for the amount of any deficiency, in the proceeds of the sale, to pay her debt. After answer and replication, the case was referred to a master, who on February 6th, 1880, reported that the sum due to her was $15,194.21. It was alleged in a supplemental bill filed on February 13th, 1880, and was admitted in the answer thereto, that pending this suit the holder of the first mortgage had filed a bill and obtained a decree of foreclosure, under which the land had been sold and conveyed to the purchaser, and that the mortgagor was insolvent. The Circuit Court entered a final decree, in accordance with the prayer of Hayden's supplemental bill, for the payment by Drury of the sum reported by the master. See *Hayden* v. *Snow,* 9 Bissell, 511. From that decree this appeal was taken.

*Mr. J. M. H. Burgett* for appellant.

*Mr. Roswell B. Bacon* for appellee.—I. The effect, construction, and interpretation of the assumption clause in the deed from Daggett to Drury, the appellant, is governed and controlled by the law of the State of Illinois, where it was made and was to be performed, and such law, whether embraced in the statutes of said State or in the decisions of its courts, is binding upon this court. *McGoon* v. *Scales,* 9 Wall. 27; *Brine* v. *Insurance Company,* 96 U. S. 627; *Jackson* v. *Chew,* 12 Wheat. 153; *Orvis* v. *Powell,* 98 U. S. 176.—II. The appellant became liable to pay the mortgage indebtedness by virtue of the assumption clause contained in the deed from his grantor, Daggett, to him and accepted by him, and such liability inured to the benefit of the appellee as the owner of the mortgage indebtedness; and it is immaterial whether his grantor, Daggett, was personally liable for the mortgage debt or not. *Hand* v. *Kennedy,* 83 N. Y. 149; *Ross* v. *Kenison,* 38 Iowa, 396; *Comstock* v. ⁀ *tt,* 37 Ill. 542; *Fitzgerald* v. *Barker,* 70

Mo. 685; *Heim* v. *Vogel*, 69 Mo. 529; *Bassett* v. *Hughes*, 43 Wis. 319; *Urquhart* v. *Brayton*, 12 R. I. 169; *Merriam* v. *Moore*, 90 Penn. St. 78; *Brewer* v. *Maurer*, 38 Ohio St. 543; *Rogers* v. *Herron*, 92 Ill. 583; *Twichell* v. *Mears*, 8 Bissell, 211; *Flagg* v. *Geltmacher*, 98 Ill. 293; Jones on Mortgages, 3d Ed. § 758.—III. The release from Daggett was inoperative to divest appellee's rights as a *bona fide* purchaser for value, and before maturity and without notice of the mortgage notes, while said assumption clause stood upon the record unreleased. *Campbell* v. *Smith*, 71 N. Y. 26; *Douglass* v. *Wells*, 18 Hun (N. Y.) 88; *Judson* v. *Dada*, 79 N. Y. 373; *Freeman's National Bank* v. *Savery*, 127 Mass. 75; *Coolidge* v. *Smith*, 129 Mass. 554; *Muhlig* v. *Fiske*, 131 Mass. 110; *Rogers* v. *Gosnell*, 58 Mo. 589; *Crawford* v. *Edwards*, 33 Mich. 354; *Miller* v. *Thompson*, 34 Mich. 10; *Bassett* v. *Hughes*, 43 Wis. 319; *Betts' Trustee, &c.*, v. *Drew et al.*, United States Circuit Court, Northern District of Illinois, Chicago Legal News, November 8th, 1879; Jones on Mortgages, 3d Ed. §§ 763 and 764; *Parkinson* v. *Sherman*, 74 N. Y. 88; *Swift* v. *Smith*, 102 U. S. 442–449. —IV. The alleged mistake of the scrivener who drew the deed cannot be set up by the appellant as against the appellee, a *bona fide* purchaser for value and without notice. *Sickmon* v. *Wood*, 69 Ill. 329; *Emery* v. *Mohler*, 69 Ill. 221; *Bowen* v. *Galloway*, 98 Ill. 41–46; Kerr on Fraud and Mistake, page 346; Story's Eq. Jur. § 165; *New Orleans, &c., Company* v. *Montgomery*, 95 U. S. 16.—V. The citizenship of the parties gave the court jurisdiction of both the parties and the subject matter, and it was competent for it to grant final relief and, under the 92d rule in equity of the United States courts to render a personal decree against the appellant for a deficiency, in accordance with the prayer of the bill. The decree is sustained by the law and evidence in this case and should be affirmed. *Betts' Trustee* v. *Drew*, United States Circuit Court, Northern District Illinois, Chicago Legal News, November 8th, 1879.

MR. JUSTICE GRAY delivered the opinion of the court. He stated the facts in the foregoing language, and continued:

The case presented by the pleadings and proofs appears to us a plain one.

It is unnecessary, for the purpose of deciding it, to consider any of those questions, suggested at the argument, upon which there have been varying decisions in different States; such as, whether an agreement of the grantee, in a deed poll of land, to assume and pay an existing mortgage, is in the nature of an assumpsit, implied from the acceptance of the deed, or is in the nature of a covenant, being in an instrument sealed by the other party; whether a suit upon such an agreement must be brought by the grantor, from whom alone the consideration moves, or may be brought by the mortgagee, as a person to whose benefit the agreement inures; how far the mortgagee is entitled, by way of subrogation, to avail himself in equity of the rights of the grantor; and whether or not the mortgagee has any rights under such an agreement in a deed from one who is not himself personally liable to pay the mortgage debt.

The appellee, by her purchase of the notes secured by the second mortgage, doubtless acquired all the rights of the mortgagee. *New Orleans Canal Company* v. *Montgomery*, 95 U. S. 16; *Swift* v. *Smith*, 102 U. S. 442. But having purchased in ignorance of the supposed agreement of Drury in the deed of conveyance from Daggett to him, and having done nothing upon the faith of that agreement, she has no greater right by estoppel against Drury than the mortgagee had. The mortgagee had no part in obtaining, and paid no consideration for, that agreement, and, upon the most favorable construction, had no greater right under it than Daggett, with whom it purported to have been made.

On the facts of this case, Daggett, in a court of equity at least, never had any right to enforce that agreement against Drury. The payment of interest on the mortgage notes would naturally be made by Drury to prevent a foreclosure of the mortgage on his land, and cannot be held to be an affirmance of an agreement of which he had no actual knowledge. The clause containing the agreement being conclusively proved to have been inserted in the deed by mistake of the scrivener, without the knowledge and against the intention of the parties,

a court of equity, upon a bill filed by Drury for the purpose, would have decreed a reformation of the deed by striking out that clause. *Elliott* v. *Sackett*, 108 U. S. 133. The release executed by Daggett to Drury has the same effect, and no more.

It follows that the appellee has no equity against the appellant, and

*The decree of the Circuit Court must be reversed, and the case remanded with directions to dismiss the bill.*