Mr. Justice Morris
delivered the opinion of the Court:
A branch of this case was formerly before us, and is found reported in 15 App. D. C. 49. The proceeding was begun in the Supreme Court of the District by the filing of a bill in equity by a mortgagee of certain property, after a *450 sale of the mortgaged property had failed to satisfy the mortgage debt, to secure satisfaction of the deficiency from the mortgagor and the several grantees from him who had assumed the payment of the debt.
The appellant, S. Herbert Giesy, being the owner of the property in question subject to a mortgage of $5,000, conveyed the same to one Frank I. Gregory and took back a mortgage from him for the purchase money and some other money advanced to him, the whole amounting to $2,000. Frank I. Gregory conveyed to the appellee, George E. Truman, who assumed by the terms of the deed the payment of the two existing mortgages for $5,000 and $2,000 respectively ; Truman conveyed to the appellee Cooke, who also assumed by the terms of the deed the same two mortgages; and Cooke conveyed to the appellee John H. Gregory, who likewise and in the same manner assumed the payment of the two mortgages. The mortgage for $2,000 became due, and there was sale under it by the trustees; but it failed to satisfy the mortgage debt after the payment of taxes and costs. The deficiency amounted to $2,167.94. The present suit was thereupon instituted by the appellant, the holder of the second mortgage, against Frank I. Gregory, George E. Truman, Raymond K. Cooke and John H. Gregory, to recover this amount.
Frank I. Gregory severed in his pleading from his codefendants ; and it was an appeal from a decree of dismissal of the bill as to him that was before us in 15 App. D. C. 49. In that appeal his codefendants were not involved. When the cause was remanded for the further proceedings directed by our decision in that case, it seems that the bill of complaint was amended as to Frank I. Gregory, in accordance with the suggestion in our opinion. Again the parties defendant severed in their pleadings. By agreement, the plea of Frank I. Gregory to the original bill was taken as a plea to the, amended bill; and the joint plea of the other three defendants was taken to stand as a plea to the amended bill. *451 Testimony was taken under these pleas; and the court below rendered a decree against the defendant Frank I. Gregory for the sum of $2,167.94, with interest from March 20, 1895, being the amount claimed by the complainant, and refused the relief prayed against the other defendants.
Both the appellant S. Herbert Giesy, and the appellee Frank I. Gregory, appealed from this decree; but it seems that Frank I. Gregory has not perfected his appeal, and that it has been abandoned. Only the appeal of Giesy with reference to the other three defendants is before us; and the case as against the defendant Frank I. Gregory, may be dismissed from consideration.
The joint plea of the present appellees, which was the only defense interposed by them to the suit and upon which the testimony was taken and the cause was heard, was, in effect, that the several conveyances to and from them recited in the bill of complaint were without any consideration whatever; that no one or other of them ever had possession of the property mentioned in the conveyances or ever derived any benefit from it; and that neither Frank I. Gregory nor the plaintiff ever had any right to recover from them or either of them on account of their alleged assumption of the mortgage debt. There was also a plea of the statute of limitations, but it does not seem to be insisted -on.
Upon these pleas the complainant joined issue, and as we have stated, testimony was taken by the defendants in support of their pleas and by the complainant in opposition to them. This testimony shows Quite conclusively that Truman, Cooke, and John H. Gregory never had any beneficial interest in the property, were never in possession of it, never exercised any act of ownership over it, and never derived any benefit from it, and that the deeds to and from them were wholly without consideration, and were part of some scheme, not fully developed in the record, on the part of Frank I. Gregory, who remained during the whole time the real owner and possessor of the property, and was such *452 owner and possessor at the time of the sale under the deed of trust. And it would seem that the clause in the deed from Frank I. Gregory to Truman, which was the first of the series, whereby the grantee assumed the liability for the two subsisting mortgages, was inserted without much, if any, thought of its significance; and that the subsequent deeds were substantially copies of this first deed, with only the necessary change of names.
From this testimony it is very olear that Frank I. Gregory could not recover from the subsequent grantees on account of their several assumptions of the mortgage debt. As between him and them there was absolutely no consideration whatever for the assumption or for any of the conveyances; and it would be most inequitable that he should hold them.
Now, if, as laid down in the case of Keller v. Ashford, 133 U. S. 610, and the other cases therein cited, the true theory be, in reference to such assumptions of a mortgage indebtedness, that the equity of the mortgagee as against the grantee of the mortgagor depends upon the right of the mortgagee to substitute himself in the place of the mortgagor and, for the purpose of preventing circuity of action, to avail himself of the securities given by the grantee to the mortgagor for the payment of the debt, the mortgagee certainly can have no greater right than the mortgagor against the grantee of the latter. And such distinctly is the ruling of the Supreme Court of the United States. Keller v. Ashford, 133 U. S. 610; Elliott v. Sackett, 108 U. S. 132; Drury v. Hayden, 111 U. S. 223. It is true that there is a reservation made in favor of a mortgagee who has acted on the faith of the agreement of the mortgagor’s grantee to pay the mortgage debt, or who has otherwise made himself a party to such agreement; but there is no question of any such reservation here. The mortgagee in the present case, so far as the record shows, never in any manner became a party to the agreement of the mortgagor’s grantee, and never in *453 any manner acted upon that agreement; and it is not shown that he was even aware of its existence until long after the sále of the mortgaged property and when he prepared to institute this suit. He is not entitled, therefore, to any greater rights in this regard than his mortgagor had; and as the mortgagor had no right to enforce the payment of the mortgage debt by his grantees, there is no escape from the conclusion that the mortgagee can not enforce any such liability.
There are other considerations in this case, which would lead to the same conclusion; but they need not here be stated.
Some stress is laid in the argument for the appellant on some apparent or real inconsistencies in the depositions of Frank I. Gregory and John H. Gregory; and their testimony certainly is not above suspicion. Still the testimony is overwhelming, and we have no doubt whatever of the fact, that the several conveyances from Frank I. Gregory to Truman, from Truman to Cooke, and from Cooke to John H. Gregory, were each and all of them without consideration, and that Frank I. Gregory could not have maintained suit upon-them against the said grantees. This was the allegation of the plea filed by the appellees; and the truth of that plea has been abundantly established. Its sufficiency in law being conceded, and the plea being a complete defense to the whole bill, the court below was necessarily constrained to deny the relief prayed for by the complainant.
On behalf of the appellant some stress is also laid upon the application in this case of equity rule 30 of the Supreme Court of the District, which is identical with rule 33 of the equity rules prescribed by the Supreme Court of the United States, for the equity courts of the United States, and which provides, in substance, that when a plea has been substantiated by the proof, it shall avail the defendant as far as in law and equity it should avail him, and not, as in *454 the old chancery practice in England, that it should necessarily operate to cause the dismissal of the bill. But a plea, when sufficient in law and true in fact, must necessarily operate to deny to the complainant the relief sought by him, whenever it is in itself a complete defense to the whole and to all the equity claimed in the bill; and such is the plea in the present case.
We are of opinion, therefore, that the decree of the Supreme Court of the District of Columbia in the premises was right and just and according to law, and that it should be affirmed, with costs. And it is so ordered.