McCORD, Judge.
This is an appeal from a final judgment for deficiency in a mortgage foreclosure suit brought by appellee, Atlantic Bank of St. Augustine, against appellant, E. C. Bradberry, and others. After sale of the property for less than the amount found to be due by the final judgment of foreclosure, the bank filed a motion for a deficiency judgment and Bradberry filed an answer denying that the bank was entitled to a deficiency judgment and demanding a jury trial. The demand for jury trial was denied and after a hearing on the motion for deficiency, the judgment for deficiency was entered.
Bradberry contends the court erred in denying his demand for a jury trial on the issues of the deficiency proceeding; that such denial violates his constitutional right of trial by jury under Article I, Section 22 of the Florida Constitution, which states that the right of trial by jury shall be secure to all and remain inviolate. Brad-berry concedes that the mortgage foreclosure itself is not subject to trial by jury, it being an action formally cognizable in equity prior to the adoption of the new Rules of Civil Procedure in 1967 which provide that there shall be one form of action to be known as a “civil action.” (Fla.R.Civ.P. 1.040)
Our sister court of the Third District correctly analyzed the import of the revised rules in relation to their effect upon chancery actions in R.C. #17 Corp. v. Korenblit, 207 So.2d 296 (Fla.3d DCA 1968), as follows:
“We are of the opinion that the consolidation of law and chancery procedure, under the revised rules, did not abolish chancery or law, and that the substantive law should be applied to the actual allegations and relief sought in a complaint or petition as was done prior to the adoption of the revised rules. Rule 1.040, Florida Rules of Civil Procedure, 1967, 30 F.S.A., simply provides that there shall be one form of action to be known as ‘civil action.’
We also find that the question of whether a jury should try the facts in an action is still to be decided by the tests of this right which have existed since the effective date of the Constitution of the State of Florida or by legislative enactment.”
Article I, § 22 of the Florida Constitution (revised in 1968) brings forward the same language as to the right of trial by jury as was contained in § 3 of the Declaration of Rights of the Florida Constitution of 1885. A deficiency decree in a foreclosure action in chancery has consistently- been tried as a continuation of the foreclosure suit under both the Constitution of 1885 and the present Constitution. The Supreme Court in Grace v. Hendricks, 103 Fla. 1158,140 So. 790 (1932), stated as follows:
“Deficiency decrees in this state are, as has been pointed out before, creatures of statutes or rules of court conferring authority on chancery courts to enter them.
******
“ . . . it is a general rule that, a court of equity, having obtained jurisdic *1250 tion to foreclose a mortgage, may proceed to give a personal judgment on the indebtedness, after the foreclosure has become impossible, the property having become exhausted by a prior mortgage. It may in such case even establish legal rights and grant legal remedies. Edwards v. Meyer, 100 Fla. 235, 130 So. 57; Hayden v. Snow (C.C.[Ill.]) 14 F. 70; Drury v. Hayden, 111 U.S. 223, 4 S.Ct. 405, 28 L.Ed. 408; Beecher v. Lewis, 84 Va. 630, 6 S.E. 367; Walters v. Farmer’s Bank, 76 Va. 12; Parker v. Dee, 2 Ch.Cas. 200, 22 Eng.Rep. (Full Reprint) 910; 3 Jones on Mortgages (8th Ed.) § 2210, page 726.”
In Grace the Supreme Court also said:
“In Etter v. State Bank, [76 Fla. 203, 79 So. 724,] supra, it was pointed out by Mr. Justice Ellis, of this court, that deficiency decrees and the jurisdiction to enter them were not inherent in equity courts, merely because equity courts had jurisdiction of the foreclosure, but were authorized by statute or rule of court, in order that the complainant in the foreclosure, who might be entitled to a money judgment for the balance due him after this foreclosure, might not be compelled to have two suits for his single demand, one legal and the other equitable, in order to obtain full relief on his mortgage debt.”
While the original reason for the authorization may have been diminished to some extent by pur present Rules of Civil Procedure through the consolidation of legal and equitable actions into one form of action, we are unable to find that the change eliminated the court’s chancery jurisdiction over deficiency decrees. Our research has revealed no instance in which a defendant has been held to have a right to a jury trial on the question of a deficiency decree in a mortgage foreclosure action where the security has been sold pursuant to the chancery foreclosure judgment and a deficiency thereafter exists between the amount of the judgment and the amount realized from the sale. § 702.01, Florida Statutes (1975), provides that “[a]ll mortgages shall be foreclosed in chancery, unless otherwise provided by statute.” § 702.06, Florida Statutes (1975), provides that:
“In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the court, but the complainant shall also have the right to sue at common law to recover such deficiency,
The above statute does not provide that the determination of the deficiency shall be within the sound discretion of a jury. It provides that it shall be within the sound judicial discretion of the court. It does give the complainant a right to sue at common law for the deficiency but does not give a corresponding right to the defendant to be sued at common law for the deficiency. We have not found that the defendant in a foreclosure action has ever been held to have a constitutional right to a jury trial in a chancery foreclosure action when a deficiency has resulted from the foreclosure sale of the property.
We have considered the other points raised by appellant and find them to be without merit.
AFFIRMED.
BOYER, C. J., and MILLS, J., concur.