346 So.2d 615 (1977)
Jack E. PONELEIT, Appellant,
v.
REKSMAD, INC., and Joseph Damsker, Appellees.
No. 76-238.
District Court of Appeal of Florida, Second District.
May 27, 1977.
Robert H. Willis, Skelton, Willis & Jones, St. Petersburg, for appellant.
Douglas J. Loeffler, Fox, George, Loeffler & Downey, Clearwater, for appellees.
OTT, Judge.
Plaintiff/appellant filed an action for damages against appellee/defendant based upon deceit and fraudulent representations in connection with the sale of a business. Appellees counterclaimed for the balance due on the purchase price of the business as evidenced by a promissory note. Appellant's defense to the counterclaim was essentially the deceit and fraudulent representations alleged in the main complaint. The jury found for the appellant in the amount of $8,000 on the main claim. The jury also found for the appellant on the counterclaim.
Appellee moved for new trial. In its order on the motion the court found that:
1.) The evidence in this cause is insufficient to support the verdict rendered herein in favor of the plaintiff upon the counterclaim... .
2.) That the evidence in this cause is sufficient to support the verdict rendered *616 herein in favor of the plaintiff and against the defendant upon the issue of liability.
3.) The sum of the verdict rendered in favor of the plaintiff reflects that the jury improperly compromised the amount of the plaintiff's damages in consideration of the amounts owed upon the counterclaim.
4.) That the granting of a new trial upon the counterclaim alone would render substantial injustice to the plaintiff upon the issue of damages.
The trial court then went on to order a new trial on damages only on the appellant's complaint and in the entirety on appellee's counterclaim.
We disagree and therefore must reverse.
The parties negotiated the appellant's purchase of the appellee's ladies ready-to-wear business for $18,000. Appellant paid the appellee $12,000 in cash and executed a $6,000 purchase money note for the remainder. The appellant operated the business at a loss and finally closed the doors about a year after the purchase even though the lease term on the premises had not yet expired.
Appellant presented evidence that in the negotiations appellee presented the appellant with alleged sales and use tax returns and an income statement purporting to show the gross sales of the business to be approximately $60,000, gross profit to be approximately $25,500 and a net profit of approximately $7,500. The deal was closed and within the next five months appellant secured copies of the actual sales and use tax returns on file. The true gross sales were shown to be approximately $37,000 with appropriate reductions in gross and net profit.
The trial court instructed the jury that if they found the appellant established fraud and deceit to their satisfaction they should find for the appellant on his complaint and award him the damages they found the evidence supported. He further instructed the jury not to consider damages for the appellee if they found for the appellant on the counterclaim. When the court found the evidence to be sufficient to support a verdict for the appellant on the issue of liability on the main claim, it naturally follows that the jury verdict in favor of the appellant on the counterclaim could  and in this instance did  result. At least no inherent defect has been demonstrated. This is simply another way of saying that in the minds of both the jury and trial court, a case of fraud and misrepresentation had been proven by the appellant as well as his reliance thereon.
It is equally clear that as between the original parties to a negotiable instrument, fraud may be set up as a defense against liability on the instrument (except, of course, against a holder in due course). 4A Fla.Jur. Bills, Notes, Etc. § 410 (1969). Moreover, a party can successfully defend against liability on a claim by showing that he was fraudulently induced to enter into the contract or transaction upon which such liability is asserted. 14 Fla.Jur. Fraud and Deceit § 61 (1957). Cf., Mutual Finance Co. v. Martin, 63 So.2d 649 (Fla. 1953); Heathcote v. Fairbanks, Morse & Co., 60 Fla. 97, 53 So. 950 (1910).
In essence, the jury concluded that the appellant was entitled to recoup $8,000 of the $12,000 he paid to appellee at closing and be relieved of his obligation on the note. The evidence amply supports this result. The trial court either misconceived or misapplied the law to the verdicts in question. The motion for new trial should have been denied and the verdicts together with the judgment thereon allowed to stand.
Reversed and Remanded.
McNULTY, Acting C.J., and GRIMES, J., concur.