404 So.2d 834 (1981)
Alan CHEEK, Appellant,
v.
McGOWAN ELECTRIC SUPPLY COMPANY, Appellee.
No. XX-37.
District Court of Appeal of Florida, First District.
October 14, 1981.
*835 M. Stephen Turner of Culpepper, Beatty & Turner, Tallahassee, for appellant.
William C. Owen and J. Klein Wigginton of McClure, Wigginton & Owen, P.A., Tallahassee, for appellee.
PEARSON, TILLMAN (Retired), Associate Judge.
The defendant, Alan Cheek, appeals a final judgment entered by the court without a jury. The single question presented is whether he was entitled to a jury trial upon the issues raised by the complaint and the answer. We hold that the trial judge improperly took the case from a duly impanelled jury and tried all of the issues without a jury.
The suit began as a common law action to collect an account stated which was evidenced by a promissory note. The defenses pleaded, with the exception of failure of consideration, were claims for equitable relief. They were: (1) The promissory note was mistakenly given as payment of an account balance for which the defendant had no liability since charges to the account in excess of payments were not in compliance with the conditions and restrictions of the account or defendant's guaranty; (2) the defendant should be discharged from liability because of the plaintiff knowingly making charges to the account which were not included in the guarantee of the defendant. The answer concluded with an equitable counterclaim that the defendant be found not liable to the plaintiff in any amount; that he be returned with interest any amounts paid to reduce the balance of the account in excess of his actual liability.[1]
The alleged indebtedness and the promissory note arose out of the following facts. The plaintiff is an electrical materials supplier. The defendant is a general contractor who regularly used Thomas Cook, an electrical subcontractor, on defendant's construction projects. Cook became indebted to the plaintiff so that his credit with the plaintiff, supplier, was terminated. In order to keep Cook at work on defendant contractor's jobs, the defendant agreed to furnish his credit to Cook for those specific jobs where Cook was working for defendant. This was accomplished by establishing a special account with the plaintiff for those jobs where defendant was the contractor. Defendant guaranteed the payment of this special account. When the special account reached an amount of some $20,000.00 and Cook could not make payment, the special account was terminated. Cook and defendant signed a promissory note for the amount of the account. Suit was instituted on the note, when after a few payments both Cook and the defendant defaulted.
The defendant regularly demanded a jury trial and the cause proceeded for a jury trial. A pretrial order was entered which contained the following notation:
The parties have not reached complete agreement as to which issues will be tried by the Court and which issues will be tried by the jury, except that the parties agree the issue of usury shall be submitted to the Court. The Court reserves ruling on whether the affirmative defense of mistake creates an issue to be tried by the jury.
The cause came on for trial and a jury was regularly impanelled and the trial proceeded to the conclusion of all the evidence. The evidence was complicated and often technical as to the terms and practices of the building trades. After lengthy argument, the court decided to withdraw the case from the jury, noting that it was going to come down to a decision on equitable principles. In its judgment the court noted:
The claim and defenses to that claim posed certain legal and equitable issues, some of which the court initially felt should be heard by a jury. After the court and the jury heard the testimony of *836 the parties, expert witnesses and other lay witnesses and having received into evidence the exhibits submitted by the parties, the court concluded that the legal and equitable issues, facts and arguments relating thereto were so intertwined and that the testimony and other evidence so complex and confusing that the jury could not comprehend and separate the issues to be determined only by the jury and thus the court concluded that it did not need the advisory opinion of the jury on any issue and without objection, withdrew the entire case from the jury's determination.[2]
We are fortunate that this Court's decision in Padgett v. First Federal Savings & Loan Association, 378 So.2d 58 (Fla. 1st DCA 1979), has recently summarized the law of Florida relative to the question now before us. The applicable rule as set forth by the Court is:
... It is, however, clear that the mixture of the two kinds of claims in the same case, regardless of the parties by whom or the sequence in which they are raised by their respective pleadings, can not deprive either of the parties of a right to a jury trial of issues traditionally triable by jury as a matter of right. [cases cited omitted here] [emphasis supplied][3]
It remains only for us to decide if the instant cause included issues traditionally triable by jury as a matter of right. The cause of action as filed was a suit on a promissory note and therefore was an action at law in which the defendant had a right upon proper demand to a jury trial. It was held in Poneleit v. Reksmad, Inc., 346 So.2d 615 (Fla. 2nd DCA 1977), that as between the original parties to a negotiable instrument, fraud may be set up as a defense against liability on the instrument. Failure of consideration is a long recognized defense to a promissory note. See Towles v. Azar, 112 Fla. 405, 150 So. 734 (1933).
Mistake is a recognized basis for equitable relief. See 9 Fla.Jur.2d, Cancellation, § 29 (1979). This is especially true where the maker seeks not only cancellation and rescission but recovery of amounts paid in the excess of the obligation. Ritchey v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 361 So.2d 438 (Fla. 2nd DCA 1978). But the existence of these equitable issues does not obviate the right to jury trial upon the legal issues presented. Hightower v. Bigoney, supra. Padgett v. First Federal Savings & Loan Association, supra. It is equally clear that the complicated nature of a suit so that it calls for an accounting is not a basis for removing it from the consideration of a jury. Rizzo v. Euclid Urbana Company, 118 So.2d 553 (Fla. 2nd DCA 1960). Where the issues made by an equitable counterclaim are so related to the issues triable by a jury as a matter of constitutional right of trial, that they are intertwined, a trial by jury should be afforded on all the issues. Napolitano v. Robertson and Associates, Inc., 311 So.2d 757 (Fla. 3rd DCA 1975); Adams v. Citizens Bank of Brevard, 248 So.2d 682 (Fla. 4th DCA 1971).
There remains the question of whether the defendant waived his right to a jury trial by his failure to record an objection when the trial court announced his decision to take the case from the jury. Certainly the trial court was well aware that the defendant wanted a jury trial. He had regularly demanded a jury trial. He noticed the case for jury trial. At pretrial, he opposed plaintiff's suggestion that the court try the mistaken payment defense. The Supreme Court of Florida has addressed this issue in Barth v. Florida State Constructor Service, 327 So.2d 13 (Fla. 1976), where the Court held:
... [O]nce a demand for jury trial has been timely made, it takes affirmative action on the part of the defendant to waive the constitutional right... .
*837 Because no such affirmative action appears in this record, we must hold that there was no waiver.
The final judgment entered by the court without a jury is reversed and this cause is remanded with directions to proceed with a jury trial on all the issues.
REVERSED AND REMANDED.
McCORD and BOOTH, JJ., concur.
NOTES
[1] In addition to the failure of consideration affirmative defense, noted above, the defendant entered the defense that the account contained finance charges which were usurious under Florida law. We do not consider the usury defense because the parties stipulated for the trial of that defense by the court without a jury.
[2] The question of the lack of a formal objection is noted for later discussion.
[3] It may well be argued that the rule is not the most efficient one, but we are, we think, compelled to follow it because we are dealing with the constitutionally granted right of trial by jury as enunciated by the Supreme Court of Florida in Hightower v. Bigoney, 156 So.2d 501 (Fla. 1963).