457 So.2d 1021 (1984)
Edward CERRITO and Joan R. Cerrito, Petitioners,
v.
Jacqueline R. KOVITCH, Louis Kovitch, and Ed-Jo Corporation of Florida, Inc., Respondents.
No. 63150.
Supreme Court of Florida.
September 13, 1984.
Rehearing Denied November 15, 1984.
*1022 Harvey Kaufman of Kenney, Boswell & Kaufman, Palm Beach, for petitioners.
Richard W. Wasserman, Miami Beach, for respondents.
BOYD, Chief Justice.
This case is before us to review a decision of a district court of appeal, Cerrito v. Kovitch, 423 So.2d 1008 (Fla. 4th DCA 1982), which expressly conflicts with a decision of another district court of appeal. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The petitioners Edward and Joan Cerrito applied to a mortgage broker for a loan. The broker advised them to establish a corporation to act as the formal borrower because the higher permissible interest rate might better attract a lender. The broker then found an interested lender, Jacqueline Kovitch. Kovitch lent $25,000 to Ed-Jo Corporation of Florida, and the Cerritos both signed as personal guarantors. They also executed a mortgage on their home as security for the loan.
Eventually the Cerritos defaulted and Kovitch brought this action to foreclose the mortgage. The Cerritos filed a counterclaim on the ground that the loan was usurious and demanded a jury trial on their claim. The trial court refused to allow a jury trial, struck the counterclaim's prayer for damages, and rendered judgment of foreclosure.
On appeal the Cerritos argued that the usury statute creates a right of action for damages activating the constitutional right of jury trial and also challenged the trial court's ruling that there was no ground to deny foreclosure under the usury law. They relied upon Smith v. Barnett Bank, 350 So.2d 358 (Fla. 1st DCA 1977), which held that a cause of action for money damages, even though based on modern legislation rather than the common law, carries with it the right to a jury trial.
The district court of appeal rejected the argument that the usury law creates a right of action for money damages; found that usury is an affirmative defense and creates no right that may properly be presented by counterclaim; and held that foreclosure was proper.
The sole issue we shall consider is whether a jury trial is constitutionally guaranteed in a mortgage foreclosure proceeding when usury is raised in a counterclaim. The right to a jury trial, in the absence of specific statutory authorization, depends upon whether the nature of the cause of action is legal or equitable. However, where both legal and equitable issues are presented in a single case "only under the most imperative circumstances ... can the right to a jury trial of legal issues be lost through prior determination of equitable claims." Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 510-11, 79 S.Ct. 948, 956, 957, 3 L.Ed.2d 988 (1959). In such cases the jury trial must be accorded to the person requesting it even though the legal issues are incidental to the equitable issues. Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962).
*1023 The Cerritos argue that because their usury counterclaim was for money damages, it constitutes an action at law guaranteeing them the right to a jury trial. In support of their position, they cite Pernell v. Southall Realty, 416 U.S. 363, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974), which stated that "where an action is simply ... for the recovery of a money judgment, the action is one at law." Id. at 370, 94 S.Ct. at 1727 (quoting Whitehead v. Shattuck, 138 U.S. 146, 151, 11 S.Ct. 277, 34 L.Ed. 873 (1891)).
We do not find this language to be dispositive. What is essentially an equitable cause of action cannot be transformed into a legal cause of action simply by the use of legal terminology in the complaint. See Dairy Queen, Inc. v. Wood. Not all claims for money are legal actions triable by jury as a matter of right. Swofford v. B. & W., Inc., 336 F.2d 406 (5th Cir.1964), cert. denied, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965).
In this case the Cerritos' counterclaim was based upon section 687.04, Florida Statutes (1981), which provides in pertinent part:
Any person, or any agent, officer, or other representative of any person, willfully violating the provisions of s. 687.03 shall forfeit the entire interest so charged, or contracted to be charged or reserved, and only the actual principal sum of such usurious contract can be enforced in any court in this state, either at law or in equity; and when said usurious interest is taken or reserved, or has been paid, then and in that event the person who has taken or reserved, or has been paid, either directly or indirectly, such usurious interest shall forfeit to the party from whom such usurious interest has been reserved, taken, or exacted in any way double the amount of interest so reserved, taken, or exacted.
(Emphasis supplied.) By requiring that usurious interest be forfeited, the legislature made it clear that the main purpose of the statute was to prevent violators from benefitting by charging usurious interest. As we have stated before, "authority is legion to the effect that an action predicated on remedies provided by the usury statutes creates no vested substantive right but only an enforceable penalty." Tel Service Co. v. General Capital Corp., 227 So.2d 667, 671 (Fla. 1969). See also Moretto v. Sussman, 274 So.2d 259 (Fla. 4th DCA 1973).
Except when usurious interest has already been paid and the party is seeking its return plus the statutory penalties, see Dezelle v. King, 91 So.2d 624 (Fla. 1956), we conclude that section 687.04 does not create a legal cause of action triable by jury. We therefore approve the decision of the district court of appeal and disapprove Smith v. Barnett Bank.
It is so ordered.
ADKINS, OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.
EHRLICH, J., dissenting with an opinion.
EHRLICH, Justice, dissenting.
I cannot agree with the majority's construction of section 687.04. The unambiguous language of the statute creates a cause of action for a money judgment where, as was alleged in this case, usurious interest has been paid. Regardless of its common law antecedents, the statute contemplates an action at law which would invoke the constitutional right to a trial by jury.
I would approve Smith v. Barnett Bank and quash the opinion of the Fourth District in this case.