480 So.2d 153 (1985)
C.A. HOBBS, Jr., Lauryce G. Hobbs, and C.A. Hobbs, Jr., Inc., a Florida Corporation, Appellants,
v.
FLORIDA FIRST NATIONAL BANK OF JACKSONVILLE, Appellee.
No. BI-159.
District Court of Appeal of Florida, First District.
December 16, 1985.
*154 Hugh A. Carithers, Jr., and Jack G. Hand, Jr. of Cooke, Hand, Carithers & Showalter, P.A., Jacksonville, for appellants.
Wesley L. Wallace of Kent, Watts & Durden, Jacksonville, for appellee.
SMITH, Judge.
In their petition for writ of certiorari, petitioners seek review of an order setting this action for a non-jury trial. We hold that the trial court departed from the essential requirements of law in ruling that petitioners, endorsers of a mortgage note who were joined as parties to the action to foreclose the mortgage securing payment of the note, were not entitled to a jury trial on the legal issues raised in the subsequent deficiency proceeding.
*155 Land Tract Development, Inc. (Land Tract), as maker, and petitioners, as endorsers, executed a mortgage note to the respondent (bank). At the same time, Land Tract executed and delivered to the bank a mortgage encumbering three parcels of real estate in Duval County as security for the mortgage note. Petitioners were not parties to the mortgage and according to the allegations of their petition they have no interest in the mortgaged property.
After Land Tract defaulted on the note, the bank filed a complaint against it seeking foreclosure of the mortgage. Petitioners, as endorsers of the mortgage note, were joined as defendants.[1] In the complaint, the bank asked for a deficiency decree should the property be foreclosed and sold for less than the sum owing on the mortgage note. Land Tract, and petitioners C.A. Hobbs, Jr., and C.A. Hobbs, Jr., Inc., filed an answer but did not ask for a jury trial. Petitioner Lauryce G. Hobbs did not respond to the complaint and a default was entered against her. Thereafter, petitioners C.A. Hobbs, Jr., and C.A. Hobbs, Jr., Inc., moved for leave to file a counterclaim and additional defenses and petitioner Lauryce G. Hobbs moved to set aside the default entered against her.
A summary final judgment of foreclosure was entered.[2] On the same day, the court entered an order which deferred ruling on the motion for leave to file a counterclaim and additional defenses and the motion to set aside default until such time as the question of any deficiency might become an issue. At the subsequent foreclosure sale, the property sold for a price considerably lower than the amount awarded in the summary final judgment of foreclosure. Before the bank moved for a deficiency decree against the petitioners, all three petitioners filed a demand for jury trial. After the bank moved for a deficiency decree, the petitioners raised their previously deferred motions.
The court entered an order denying petitioner Lauryce G. Hobbs' motion to set aside default and granting petitioners C.A. Hobbs, Jr., and C.A. Hobbs, Jr., Inc., leave to file affirmative defenses. In their affirmative defenses, C.A. Hobbs, Jr., and C.A. Hobbs, Jr., Inc., essentially allege that they and the bank had an understanding that the development loan was to be disbursed on a work-completed basis in accordance with the customary procedures in the construction industry, but that the bank disbursed the loan in a negligent manner not in accordance with the parties' understanding, thereby prejudicing the position of the petitioners-endorsers. In this pleading, C.A. Hobbs, Jr., and C.A. Hobbs, Jr., Inc., demanded a jury trial. After a considerable period of discovery and the disposal of a third party action, the lower court entered an order denying petitioners' demand for a jury trial and setting the case for a non-jury trial.
The denial of a right to jury trial of issues traditionally triable by a jury as a matter of right, which is protected by the clear mandate of the Florida Constitution,[3] is a departure from the essential requirements of law warranting the issuance of a writ of common law certiorari. Freedman v. Rosin, 394 So.2d 241 (Fla. 1st DCA 1981); Miller v. Rolfe, 97 So.2d 132, 135 (Fla. 1st DCA 1957).
Petitioners argue that their liability is predicated on their endorsement of the *156 note, and is not related to the foreclosure of real property in which they had no interest. It follows, they urge, that the action against them is one at law, which entitles them to a jury trial. Cheek v. McGowan Electric Supply Co., 404 So.2d 834 (Fla. 1st DCA 1981). On the other hand, the bank contends the trial court did not depart from the essential requirements of law in denying the demand for jury trial because petitioners' request was untimely; and even if timely, petitioners are not entitled to a jury trial on the determination of the amount of deficiency when tried as a continuation of the foreclosure suit. Cerrito v. Kovitch, 457 So.2d 1021 (Fla. 1984); and Bradberry v. Atlantic Bank of St. Augustine, 336 So.2d 1248 (Fla. 1st DCA 1976).
We find agreement with petitioners. It is clear that an action on a promissory note is an action at law and that a defendant in an action on a promissory note is entitled to a jury trial. Cheek v. McGowan Electric Supply Co., 404 So.2d at 836. We recognize that the action on the promissory note here was brought in a foreclosure proceeding, an equitable proceeding for which trial by jury is not constitutionally guaranteed. Nevertheless, this court has held that the mixture of legal and equitable claims in the same case cannot deprive either of the parties of a right to a jury trial of issues traditionally triable by a jury as a matter of right. Padgett v. First Federal Savings & Loan Association, 378 So.2d 58 (Fla. 1st DCA 1979). Accordingly, even though some of the issues in the mortgage foreclosure proceeding were equitable, the issues to be tried in the deficiency proceeding against petitioners are legal ones and petitioners are entitled to a jury trial on these. See Sundale Associates, Ltd. v. Southeast Bank, 471 So.2d 100 (Fla. 3d DCA, 1985) (failure to disburse funds in accordance with a construction loan is a legal defense).
Although in Bradberry v. Atlantic Bank of St. Augustine, 336 So.2d 1248 (Fla. 1st DCA 1976), this court held that a mortgagor does not have the right to demand a jury trial on the determination of the amount of a deficiency, Bradberry is immediately distinguishable from the present case because there the bank was seeking a deficiency against the mortgagor in the mortgage foreclosure proceeding. Here, the petitioners are endorsers on the note, not the mortgagors. Further, it is doubtful whether Bradberry has continuing vitality in light of Padgett and subsequent cases which recognize that a defendant is entitled to a jury trial on legal issues when they can be separated from the equitable ones.
Our supreme court's decision in Cerrito v. Kovitch, 457 So.2d 1021 (Fla. 1984), does not dictate a contrary result. In fact, the supreme court recognized in Cerrito that where both legal and equitable issues are presented in a single case "only under the most imperative circumstances ... can the right to a jury trial of legal issues be lost through prior determinations of equitable claims." Id. at 1022. In Cerrito, the supreme court affirmed the denial of a right to a jury trial because the Cerritos' claim of usury was based on Section 687.04, Florida Statutes, which creates no vested substantive right but only an enforceable penalty, and does not create a legal cause of action triable by jury. The court indicated that the result would have been different if the action had been for usurious interest which had already been paid and the party was seeking its return plus the statutory penalty.
Turning now to the timeliness of the demand for jury trial, we find that although petitioners C.A. Hobbs, Jr., and C.A. Hobbs, Jr., Inc., did not file a demand for jury trial when they filed their initial responsive pleadings, the trial court later permitted them to file affirmative defenses at which time they filed a demand for jury trial. Where a party is allowed to file new pleadings which inject new issues into a case, the time for filing a demand for jury trial is revived. Hollywood, Inc. v. City of Hollywood, 321 So.2d 65, 72 (Fla. 1975). Accordingly, these petitioners' demand for jury trial was timely.
*157 Next, we consider the bank's contention that petitioner Lauryce G. Hobbs' demand for jury trial was untimely because it was filed after a default had been entered against her. Although we agree that Lauryce G. Hobbs' demand was untimely, we nevertheless find that she is entitled to a jury trial on the issue of damages. Regarding the rights of defaulting parties, Trawick in his book on Florida Practice and Procedures states:
A default admits liability as claimed in the pleading by the party seeking affirmative relief against the party in default. It operates as an admission of the truth of the well pleaded allegations of the pleading, except those concerning damages... .
If a default has been entered against some, but not all, defending parties, the issue of liability is tried by the court or jury in the usual manner between the party seeking affirmative relief and the defending parties not in default. Only any issue of damages is tried between the party seeking affirmative relief and the party in default. This is limited by the principle that a common defense interposed by a jointly liable defendant inures to the benefit of a defaulting defendant. If the defense is successful, judgment must be entered for all the defending parties, regardless of the entry of a default against some of them... .
Trawick's Florida Practice and Procedure, § 25-4 (1984 ed.).
Accordingly, even though she defaulted, Lauryce G. Hobbs is entitled to a trial on the issue of damages, and she is further entitled to the benefit of any defense successfully urged by the jointly liable codefendants. Further, though her demand for a jury trial was untimely, she is entitled to a jury trial on the issue of damages since the other petitioners timely filed their demand for a jury trial. Laing v. Fidelity Broadcasting Corp., 436 So.2d 959 (Fla. 5th DCA 1983) (where some but not all defendants sought jury trial in action on breach of contract, effective jury demand by one of defendants would result in jury trial for all defendants); see also, Loiselle v. Gladfelter, 160 So.2d 740 (Fla. 3d DCA 1964) (defaulting party entitled to jury trial on issue of damages where timely demand has been made for a jury trial).
The petition for writ of certiorari is GRANTED, the order setting the action for trial without jury is quashed, and the cause is remanded to the trial court for proceedings consistent with this opinion.
ERVIN and NIMMONS, JJ., concur.
NOTES
[1] Prior to 1941, endorsers on a mortgage note were not proper parties to a foreclosure action when they were not also parties to the mortgage or did not otherwise have an interest in the land. Prevatt v. Federal Land Bank of Columbia, 129 Fla. 464, 176 So. 494 (1937). However, in Degge v. First State Bank of Eustis, 145 Fla. 438, 199 So. 564, 565 (1941), the Supreme Court receded from this view, reasoning that since an endorser holds an adverse interest to the mortgagee, the law should not sanction delay by requiring the mortgagee to file a separate action to seek a deficiency judgment after foreclosure; and accordingly, although not a necessary party, the endorser is a proper party to the foreclosure.
[2] The summary final judgment of foreclosure was affirmed by this court in Hobbs v. Florida First National Bank of Jacksonville, 352 So.2d 164 (Fla. 1st DCA 1977).
[3] Article I, § 22, Florida Constitution.