PER CURIAM.
This is an appeal from a judgment in a land dispute case. The pleadings presented various issues to be tried by the court: one legal issue, and three equitable issues.
Because appellant timely requested a jury trial in the trespass action[1] the trial court erred in lumping the legal and equitable causes of actions together and in refusing to hold a jury trial. A mixture of legal and equitable claims in the same case cannot deprive a party of a timely requested jury trial on the legal issues. Cerrito v. Kovitch, 457 So.2d 1021 (Fla.1984); Hobbs v. Florida First Nat’l. Bank, 480 So.2d 153 (Fla. 1st DCA 1985); Padgett v. First Federal Savings & Loan, 378 So.2d 58 (Fla. 1st DCA 1979). Where a dispute between two parties involves matters of both law and equity, it is within the trial court’s discretion to present the “mixed” issues to a jury for resolution of the factual disputes, or to sever the issues. Kies v. Florida Ins. Guaranty Association, Inc., 435 So.2d 410 (Fla. 5th DCA 1983); Fla.R.Civ.P. 1.270(b). Here, there is some indication it would be best for a jury to decide, not only the trespass action (where appellant is absolutely entitled to a jury trial), but the other issues as well. Thus, it would be proper upon remand for the court to so order.
REVERSED and REMANDED.
UPCHURCH, C.J., and DAUKSCH and COWART, JJ., concur.

. Trespass is an action at law. Harris v. Baden, 154 Fla. 373, 17 So.2d 608, 612 (1944).