WIGGINTON, Judge.
Before us is a timely appeal and cross appeal from an amended final deficiency judgment. We affirm in part and reverse in part.
On March 18, 1985, appellee filed an amended complaint for foreclosure against appellant Riviera Parkway Condominiums, Ltd., joining as parties appellants/guarantors on the promissory note. The complaint specifically sought a deficiency judgment, the principal amount of the mortgage sued upon being $4,260,000.
On July 16, 1985, appellants/guarantors answered the amended complaint raising various affirmative defenses, but did not request a jury trial. On that same date, they filed a counterclaim in which they did demand a jury trial as to the counts in the counterclaim.
Subsequently, on April 29, 1986, appellants/guarantors entered into a stipulation in which they dismissed their counterclaim and waived all defenses through that date. They further expressly agreed that a right to a deficiency was reserved for appellee.
A final judgment of foreclosure was thereafter entered against Riviera and appellants/guarantors, specifically reserving the right to a deficiency. On May 28, the mortgaged property was sold at a public sale to appellee for $200,000.
Later, in December 1986, appellee moved for entry of a deficiency judgment. Appellants/guarantors filed a reply to the motion on February 4, 1987, in which they claimed a right to a jury trial on the deficiency issue. An evidentiary hearing was held, although not reported, and the parties subsequently filed in this Court an approved statement of the evidence which indicates that at the hearing appellee produced J. Alvin Register, an appraiser, who testified that in his opinion the property had a market value of $2,350,000. He was aware that appellee had contracted to sell the property for 3.9 million dollars, but thought the contract had expired without closing and the purchaser had forfeited its deposit.
Appellants/guarantors produced Jack Cave, also an appraiser, who testified that he had not done an “appraisal” of the property but had “estimated” the market values of the individual units based on their size, type of unit, and market comparables. He opined that the property would have a value of $6,974,400, if sold for the individual unit prices, subject to closing costs, carrying expenses, et cetera. He also noted that any costs of necessary renovation would have to be considered a deduction from the value of the property. Cave testified that he did not have an opinion of the *384 market value of the project at the date of the sale.
After the hearing, the trial court, by order, denied the demand for a jury trial and entered a deficiency judgment against appellants finding the property to have a fair market value of $3,350,000 and that there was a corresponding deficiency in the amount of $1,177,847 (including interest).
Appellants/guarantors now argue that they were entitled to a jury trial on the issue of the value of the property in connection with the deficiency claim and that the trial court’s finding of value was contrary to the manifest weight of the evidence. In its cross appeal, appellee argues that the trial court’s determination of the value of the property as being $3,350,000 is not supported by the evidence. Regarding the first point, we affirm the trial court's denial of appellants/guarantors’ demand for a jury trial on the basis that the demand was untimely as not having been filed within ten days after the service of their answer to the complaint. Fla.R.Civ.P. 1.430(b). Unlike the circumstances in Hobbs v. Florida First National Bank of Jacksonville, 480 So.2d 153 (Fla. 1st DCA 1985), here the guarantors did not file new pleadings injecting new issues into the case, thereby reviving their right to demand a jury trial.
However, we must agree with the parties that the lower court’s finding of the value of the property was not supported by the evidence. Accordingly, we reverse and remand the cause to the trial court for a new trial on the issue of valuation and the resultant deficiency. We note that witness Cave did not perform a proper appraisal to establish value and his “estimate” was therefore not competent evidence to be considered by the court.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
SHIVERS and ZEHMER, JJ., concur.