PER CURIAM.
The litigants in this case presented the trial court with a complex blend of both legal and equitable claims. The trial judge found them so complex that he denied appellants’ demand for a jury trial and instead tried the case without a jury. Appellants argue that this was error. We agree.
“The right to trial by jury shall be secure and remain inviolate.” Art. 1, § 22, Fla. *1216 Const. When an action involves both legal and equitable issues, as is the case here, the mere existence of an equitable claim cannot deprive a litigant of this right to a jury. Beacon Theaters Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); Dairy Queen Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Adams v. Citizens Bank of Brevard, 248 So.2d 682 (Fla. 4th DCA 1971). Moreover, when legal and equitable issues are inextricably intertwined, as they were characterized by the trial court in this case, a party cannot be deprived of the properly demanded right to a jury. Cheek v. McGowan Supply Co., 404 So.2d 834 (Fla. 1st DCA 1981).
It is unfortunate that nine days of non-jury trial must be thus swept away, but the imperative of the constitution permits no less.[1] We, therefore, reverse and remand with instructions to retry this case before a jury.
STONE and FARMER, JJ., and WALDEN, JAMES, H., Senior Judge, concur.

. As the record amply demonstrates a proper demand for a jury and a clear and unconditional pretrial ruling by the judge that he alone would try the case, we cannot accept appellees’ argument that the absence of a trial transcript requires an affirmance on the theory that we have no way of knowing whether appellant did something at the bench trial to waive the jury. We carefully note that appellees do not contend that during the non-jury trial the judge changed his mind and offered to empanel a jury or that appellant actually did something at the trial that amounted to a waiver of a jury. Their contention is merely that no transcript means no clear showing of error, in spite of the record plainly showing the decision of the trial judge to take the case from a jury because of the complexity and interconnectedness of the issues.