PARKER, Judge.
David and Helen Witts (Witts) appeal a final summary judgment entered in favor of Michael Cortman and JMD Cort, Inc., (Cortman) in this contract case. We reverse because Cortman failed to disprove any of the affirmative defenses raised by the Witts, nor did Cortman establish the legal insufficiency of the affirmative defenses.
On July 10, 1991, the Witts and Cortman entered into an “Asset Purchase Agreement and a Promissory Note” for the purchase of the assets of a business known as the Pizza Peddler, which Cortman owned. On October 31, 1991, Cortman filed a two-count complaint alleging that the Witts were in default on the promissory note in count I and a replevin in count II. The Witts contended that the note was not in default, and they raised several affirmative defenses. Seven months later Cortman filed an amended complaint again alleging a default on the promissory note in count I and a replevin in count II. The Witts answered the amended complaint and raised several affirmative defenses; such as, fraud in the inducement, breach of warranty, and lack of consideration. Cortman filed a Motion for Summary Judgment on count I (default), and at the same time voluntarily dismissed count II (replevin).
The Witts are pro se and while their answer is poorly drafted, they did manage to set forth enough facts to raise a factual issue regarding fraud in the inducement. See Poneleit v. Reksmad, Inc., 346 So.2d 615, 616 (Fla. 2d DCA 1977) (holding that a party can defend successfully against liability on a claim by showing that he was fraudulently induced to enter into the contract or transaction). Cortman failed to disprove any of the affirmative defenses, nor did he establish the legal insufficiency of the affirmative defenses. Cortman filed an affidavit in support of the summary judgment wherein he simply stated, “I believe that there is no defense to the cause of action set forth in my complaint.” This is not sufficient proof to establish that there is no material issue of fact or that *198 the affirmative defense of fraud in the inducement was legally insufficient. See Campagna v. Dicus, 606 So.2d 1278 (Fla. 2d DCA 1992). Therefore, we conclude that the trial court erred in granting summary judgment. See Fla.R.Civ.P. 1.510(e); See also Dean v. Gold Coast Theatres, Inc., 156 So.2d 546, 549 (Fla. 2d DCA 1963).
Reversed and remanded for further proceedings consistent with this opinion.
LEHAN, C.J., and ALTENBERND, J., concur.