DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TRENDA KINNEY** f/k/a **TRENDA BOUTIN** and **PETER KINNEY,**
Appellants,

v.

**COUNTRYWIDE HOME LOANS SERVICING, L.P., et al.,**
Appellees.

No. 4D13-3811

[April 29, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. 09-814 (11).

Alexis Fields and Kendrick Almaguer of the Ticktin Law Group, P.A., Deerfield Beach, for appellants.

No appearance for appellees.

DAMOORGIAN, C.J.,

Appellants, Trenda and Peter Kinney, appeal a final judgment of foreclosure entered in favor of Countrywide Home Loans Servicing, L.P. ("the Bank") following a bench trial. They argue that the matter should have proceeded to a jury trial, and in the alternative, that the trial court erred in allowing the Bank to introduce the original promissory note into evidence at trial. Finding no merit in either argument, we affirm and write only to address Appellants' jury trial argument.

In 2007, Appellants obtained a mortgage loan from Southstar Funding, LLC, and in return, executed a promissory note in Southstar's favor. After Appellants defaulted on their obligations under the loan, the Bank, claiming that it now owned and held the note, filed a mortgage foreclosure suit alleging counts for "Action on a Promissory Note," "Action to Foreclose Mortgage," and "Reestablishment of Note." In response, Appellants filed their answer and affirmative defenses and requested "a Trial by Jury on all issues so triable, specifically any and all issues related to the underlying Note." A short time later, the Bank filed the original note and mortgage. The original note included an allonge with

an endorsement from Southstar in favor of the Bank which pre-dated the complaint.

Eventually, the court set the matter for a non-jury trial and Appellants filed a "Motion to Strike Order Setting Case for Non-Jury Trial." Appellants never set their motion for hearing but instead raised their jury trial argument at the beginning of trial, arguing that they were entitled to a jury trial because the Bank was suing on the note as well as to establish a lost note. The Bank countered that it was not proceeding on the lost note count as it previously filed the original note and that, at any rate, the mortgage contained a jury trial waiver. The court ruled that Appellants were not entitled to a jury trial and proceeded. At the conclusion of the trial, the court found that the "greater weight of the evidence" supported the Bank's claims and entered final judgment of foreclosure in its favor.

On appeal, Appellants argue that the court erred in ruling that they were not entitled to a jury trial because the Bank's count seeking enforcement of the Note was based in law, not equity. Although the mortgage signed by Appellants contains a jury-trial waiver on any actions based on the note or mortgage, Appellants maintain that the Bank is not able to enforce it as it was not the original lender. We reject both of Appellants' arguments.

By statute, "[a]ll mortgages shall be foreclosed in equity" and "foreclosure claim[s] shall, if tried, be tried to the court without a jury." § 702.01, Fla. Stat. (2012). On the other hand, actions on promissory notes are actions at law and carry with them the right to a jury trial upon proper demand. *Cheek v. McGowan Elec. Supply Co.*, 404 So. 2d 834, 836 (Fla. 1st DCA 1981). These two principles beg the question: what happens when a lender sues simultaneously on a mortgage and note?

Generally speaking, the law suggests that the defendant, if it so demanded, would be entitled to a jury trial on the lender's legal count. For example, in *Padgett v. First Federal Savings & Loan Association of Santa Rosa County*, 378 So. 2d 58, 64 (Fla. 1st DCA 1979), the First District considered "the perplexing problem presented by cases . . . when there are both equitable (nonjury) and legal (jury) claims made in the same proceeding."[1] The court held:

---

[1] *Padgett* involved a lawsuit by a borrower against the bank for an injunction to prevent the bank from enforcing the mortgages, damages for lost profits, and removal of cloud on title. *Id.* at 60. The bank counterclaimed seeking to foreclose its mortgages, and the court proceeded on the mortgage

2

the mixture of the two kinds of claims in the same case, regardless of the parties by whom or the sequence in which they are raised by their respective pleadings, cannot deprive either of the parties of a right to a jury trial of issue traditionally triable by jury as a matter of right.

*Id.*

However, as applied to the situation where a lender brings both a foreclosure and promissory note action against a mortgagor, the law is different. This is because, to some extent, a lender's equitable and legal remedies overlap: a lender can recover only up to the amount owed by the borrower whether that is accomplished through a sale of the mortgaged property, a judgment, or some combination of the two. *See Royal Palm Corporate Ctr. Ass'n, Ltd. v. PNC Bank, N.A.*, 89 So. 3d 923, 929 (Fla. 4th DCA 2012). For this reason, when a lender has sued to foreclose a mortgage, its legal remedy on a promissory note is a deficiency judgment — a judgment "for the balance of the indebtedness after applying the proceeds of a sale of the mortgaged property to such indebtedness." *Commercial Bank of Ocala v. First Nat. Bank*, 87 So. 315, 316 (Fla. 1920). Foreclosure (a.k.a. equity) courts are explicitly granted the authority to enter the legal remedy of a deficiency judgment by virtue of section 702.06 which provides, in pertinent part, that "[i]n all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the court." § 702.06, Fla. Stat. (2012). The legislature's purpose in granting this power to the equity court was to "'relieve the parties from the expense and vexation of *two suits*, one equitable and one legal,' and to allow 'the whole controversy [to] be adjusted in one suit.'" *Royal Palm*, 89 So. 3d at 932 (quoting *Edwards v. Meyer*, 130 So. 57, 59 (Fla. 1930)) (alterations in original).

Considering the above principles in the context of a party's right to a jury trial, the First District has determined that a defendant in a foreclosure action does not have "a constitutional right to a jury trial in a chancery foreclosure action when a deficiency has resulted from the foreclosure sale of the property." *Bradberry v. Atl. Bank of St. Augustine*, 336 So. 2d 1248, 1250 (Fla. 1st DCA 1976). In arriving at its conclusion, the court reasoned that a lender's legal claim for a deficiency "has consistently been tried as a continuation of the foreclosure suit under [the Florida Constitution]." *Id.* at 1249. It found further support in

foreclosure claim, not allowing the borrowers to sever their claims for a jury trial. *Id.* at 61–62.

3

section 702.01, which the court pointed out "[d]oes not provide that the determination of the deficiency shall be within the sound discretion [o]f a jury [but] provides that it shall be within the sound judicial discretion of [t]he court." *Id.* at 1250. *But see Hobbs v. Fla. First Nat'l Bank of Jacksonville*, 480 So. 2d 153, 156 (Fla. 1st DCA 1985) (factually distinguishing *Bradberry* and holding that an endorser of a note being sued by a bank for a deficiency judgment was entitled to a jury trial even though the bank was also suing the owners/mortgagors in foreclosure because the endorsers were not parties to the mortgage).

Accordingly, as the Bank's promissory note count against Appellants was brought in conjunction with its mortgage foreclosure suit, Appellants were not entitled to a jury trial.

Additionally, even if the law supported Appellants' position, Appellants still have the jury trial waiver to contend with. Paragraph 22 of the Mortgage states as follows:

> **Jury Trial Waiver**: The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

Appellants do not contest the validity or scope of the waiver, but rather argue that the Bank was not entitled to enforce it as it was not a party to the original contract. Appellants' argument is without merit as the Bank was the holder of the note and mortgage by virtue of an endorsement. *See Riggs v. Aurora Loan Servs., LLC*, 36 So. 3d 932, 934 (Fla. 4th DCA 2010) (holding that bank's submission of "the original note with a blank endorsement . . . supported its claim that it was the proper holder of the note and mortgage.").

*Affirmed.*

TAYLOR and MAY, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

4