THOMAS WHITE, APPELLANT, vs. ARCHIBALD ROSS, APPELLEE.

1. Where a partnership exists, until there has been a settlement between the parties and promise by one to pay to the other a balance struck, an action at law can not be maintained by one partner against another on matters growing out of the partnership business, and where a plea in bar of the action setting up the defense that the suit involves partnership transactions, and there has been no final settlement and adjustment of such matters between the partners, is filed along with other pleas in bar, it is not error for the court to submit all the issues in the case to the jury at the same time.

2. A charge of the court that submits to the jury, together with essential matters of defense arising out of the evidence, others not essential, will not be declared erroneous as against the plaintiff when the verdict is for the defendant, as such verdict could not be rendered without a finding on the essential fac s in favor of the latter, and the submission of the further and unessential facts would not be harmful to the former.

3. The question of credibility of the parties to a suit is one to be settled by the jury.

Appeal from the Circuit Court for Hillsborough county.

The facts of the case are stated in the opinion of the court.

*Phillips & Carter*, for Appellant.

No appearance for Appellee.

MABRY, C. J.:

White sued Ross in assumpsit, the declaration containing eight counts. The first seven counts are for money payable by defendant to plaintiff for goods bargained and sold, for goods sold and delivered by

plaintiff to defendant, for work done and material pro-
vided by plaintiff for the defendant, for money lent
by plaintiff to defendant, for money paid by plaintiff
for the defendant at his request, for money received
by defendant for use of plaintiff, and for money found
to be due from defendant to plaintiff on account stated
between them.  The amount claimed in each common
count was $873.45.  The eighth count alleges that the
defendant was indebted to the plaintiff in the sum of
$873.45 on a certain obligation in writing set out in the
count.  This obligation is a due bill for $873.45, and
signed by defendant.  Defendant plead never indebted,
to the common counts, and also that before action
brought he discharged and satisfied plaintiff's claim
by payment.  For a third plea it was alleged that
plaintiff and defendant were copartners for the pur-
pose of performing certain work, and furnishing cer-
tain material, to be done and used in the construction
of a certain bridge across the Hillsborough river in
the city of Tampa, in said county; that the business
of the copartnership had never been fully settled, and
the claim sued on arose out of the said copartnership
business.  There was also a fourth plea alleging that
at the time of the commencement of the suit plaintiff
was indebted the defendant in divers sums, largely in
excess of the amount claimed by plaintiff in his dec-
laration.  Plaintiff joined issue on the first, second
and fourth pleas of defendant, and as to the third re-
plied, that there never existed a copartnership between
them, and that the claim sued on did not arise out of
any partnership business.  Defendant obtaining a
verdict and judgment on trial, and plaintiff appealed.

   The first contention for appellants is, that the court
erred in refusing the request of plaintiff to first sub-
mit to the jury the issue presented by defendant's plea

of a partnership existing between the parties. It appears that such request was made by plaintiff, and the court ruled that the whole case should be submitted to the jury. The defendant plead the existence of a partnership between the parties in bar of the action, and the plaintiff replied that no partnership existed between them, and that the claim sued on did not arise out of partnership business. The issue then made on the third plea by the parties was whether or not a partnership existed between them in reference to the transaction out of which the demand sued for arose. Where a partnership exists, until there has been a settlement between the partners and a promise by one to pay to the other a balance struck, an action at law can not be maintained, as the remedy is exclusively in equity. It was said in Price vs. Drew, 18 Fla. 670: "An adjustment of the accounts, either as to advances or profits and losses, by one partner can not be held to be an adjustment by the other in the absence of authority from the other, and this is true in the very nature of things, whether the partnership be for a single shipment or 'transaction,' or a partnership of a general character." If a court of law can not entertain a suit involving partnership transaction before a settlement and adjustment of the partnership business, a plea setting up such a defense is in bar of the action. We do not see why such a plea under our system can not be submitted as other pleas in bar. While the point was not expressly decided in the case just referred to, yet authorities holding such pleas to be in bar were cited with apparent approval. We hold that the court did not err in submitting the issue tendered on the plea in question along with the other issues.

It is further contended that the court erred in charging the jury as follows, viz: "The defendant claims

that the plaintiff is indebted to him, but the court charges you that if the defendant was at the time of the alleged transaction between the parties to this suit a member of the city council of the city of Tampa, and that the transactions between the parties grew out of a contract the plaintiff had with the said city as contractor or sub-contractor for the construction of a bridge across the Hillsborough river, and that the defendant had an interest as partner in the construction of the said bridge by advancing money, material, labor, *etc.*, it constitutes them partners, and the plaintiff can not recover; but if the defendant advanced money to the plaintiff for the construction of the bridge, and was to share with the plaintiff the profits of the contract, this does not, within itself, make the parties partners." It is insisted that this charge was erroneous and calculated to mislead the jury. The testimony shows that the city of Tampa entered into a contract with the King Iron Company for the construction of a certain bridge across the Hillsborough river, and that plaintiff was a sub-contractor under the King Iron Company for the construction of the wood-work of the bridge. It is further shown that the defendant assisted the plaintiff in making a bond to secure the contract under the King Iron Company, and also furnished plaintiff some money to aid in carrying on the work. Defendant testified that he was not a partner with plaintiff in the beginning of the wood-work of the bridge, but that after he had advanced more money than he expected, and after plaintiff had been disappointed in getting some money he expected, they became partners in the enterprise. Defendant testified as to the manner in which they became partners, that is, when plaintiff got disappointed in securing money to carry out the contract, and in

order to induce defendant to furnish further assistance, proposed that they should go into partnership in the enterprise of doing the wood-work of the bridge, each one to share equally in the profits and lossess of the enterprise; that this proposition was accepted and they became partners in the business of constructing the wood-work of the bridge. He further testified that when the due bill sued on was given the bridge company had made certain payments before the work was completed, and he had to pay certain bills for materials used in the bridge, and that plaintiff became distrustful and wanted some showing as to the money to go to pay the bills; that the due bill was executed with the understanding that it was to be given up when the bills were paid, and that the bills were subsequently paid by defendant, but he forgot to take up the due bill; that plaintiff and defendant had never had a set tlement of the partnership transactions, and plaintiff was indebted to defendant in a much larger sum than the amount of the due bill. Plaintiff's testimony was in conflict with that of the defendant. Plaintiff testified that defendant advanced money and material to aid in the construction of the wood-work of the bridge, but they were not partners in the enterprise; that defendant was to have legal interest on the money he advanced, and also payment out of the bridge money of a debt due him from plaintiff. He further testified that defendant was a member of the city council of Tampa when the agreement between them was made.

The charge presents the view that if the jury believed from the evidence that defendant while a member of the city council had an interest as partner in the construction of the bridge by advancing money, material, *etc.*, and that the transactions between the parties in reference to the construction of the bridge

grew out of a contract plaintiff had with the city council as contractor or sub-contractor for the building of the bridge, the latter could not recover. In other words, the charge embodies the idea that defendant's membership in the city council would prevent the plaintiff from recovering if the parties were partners in a transaction growing out of a contract plaintiff had, as contractor or sub-contractor, with the city council for the construction of the bridge. The evidence shows that defendant was, at the time, a membar of the city council of Tampa, but we do not see that this fact alone would prevent a recovery on the showing made. In the amendment to the charter of the city of Tampa in 1889, Chapter 3951, it is provided that neither the mayor nor any councilman or other city official shall contract with the board of public works of the city, and no money shall be paid at any time to any person claiming under a contract of said board until said person shall have first filed with the board his statement under oath declaring that no person forbidden by the act has any interest in such contract (secs. 6, 15, 16, Chap. 3951). The transactions between the parties in the case before us arose prior to the passage of the act of 1889, and there is nothing in the evidence to indicate that a board of public works of the city of Tampa had any connection with the contract between the city and the King Iron Company. So far as the view that the membership of defendant in the city council would prevent a recovery, the charge is not correct on the evidence before us; but the charge does not limit the right of the jury to find against the plaintiff if they found that defendant was a member of the city council. It instructed the jury that if they found that defendant was at the time a member of the city council and interested as partner in a transaction growing out

of the contract plaintiff had secured as sub-contractor for the construction of the wood part of the bridge, they could not render a verdict for plaintiff.  There was no conflict in the evidence as to the fact that plaintiff had, as sub-contractor, secured a contract under the King Iron Company's contract with the city to build the bridge, but the parties were in direct conflict as to whether a partnership existed between them in the enterprise of doing the wood-work of the bridge after plaintiff had secured his contract.  If they were partners in this venture, and there had not been a settlement and adjustment of the partnership business, as positively asserted by defendant, then the court of law had no jurisdiction of the case, and this would follow without any reference to whether or not the partnership transaction grew out of the contract for building the bridge.  The jury found for the defendant generally and this conclusion could not have been reached under the charge of the court, so far as the partnership matter was concerned, without finding that the parties were partners in the enterprise.  There was testimony upon which such a finding could have been based, and we do not see how the plaintiff was injured by the charge given.  The court might have presented the simple proposition that there could be no recovery if they believed from the evidence that an unsettled partnership as to the construction of the bridge existed between the parties, but there was testimony as to defendant's membership in the city council, and also that plaintiff had secured a contract as sub-contractor for building the wood-work of the bridge, and the charge of the court did not extend to facts not submitted in evidence.  If the partnership relation existed between the parties the court of law

could not proceed, and the defense under third plea was good. The charge of the court presented the view that the jury must find along with the partnership relation as to the transaction in question the further fact that defendant was at the time a member of the city council. It was not detrimental to the plaintiff, so far as we can see, to submit the further and unnecessary fact, so long as the essential feature of a partnership relation between the parties was demanded, before there could be any recovery in favor of plaintiff.

The only other contention urged here is, that the verdict was not sustained by the evidence. Plaintiff and defendant were the only witnesses examined, and they were directly in conflict with each other. Defendant testified positively that he and plaintiff were partners in the business of building the bridge, and that they were to share equally in the profits and losses of the venture, and also that there had been no settlement of the partnership transaction. He is contradicted, it is true, by plaintiff, but there is no room for this court to interfere with the finding of the jury of such evidence. It was a question of credibility, and to be settled by the jury.

The judgment of the court below is affirmed.