C. WILLS, *Plaintiff in Error,* v. J. S. ANDREWS, *Defendant in Error.*

Opinion Filed February 19, 1917.

PARTNERSHIP ACCOUNTING MUST BE IN EQUITY—ONE PARTNER HAS NO RIGHT TO SUE HIS PARTNER AT LAW UPON A PARTNERSHIP TRANSACTION UNTIL THE BUSINESS IS WOUND UP AND THE ACCOUNTS FINALLY SETTLED. PRACTICE WHEN SUIT DEVELOPS TO BE IN WRONG FORUM.

It is the settled rule here, as elsewhere, that an action at law by one partner against his co-partner will not lie on a claim growing out of the partnership transaction, until the business is wound up and the accounts finally settled. The remedy of the complaining partner in such cases is to be sought ordinarily in an equity court by bill for an accounting and settlement of the partnership affairs. Where it develops in the trial before a jury of a case at law that it was mistakenly instituted at law when it should have been in a court of equity, the proper practice, in response to a motion for an instructed verdict for the defendant based on the ground that the plaintiff's suit was in the wrong forum, is to discharge

the jury, and to dismiss the case without prejudice to the right of the plaintiff to apply for relief to the proper equity forum.

Writ of Error to Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment reversed.

*J. T. Watson, Jr.,* for Plaintiff in Error;

*Mabry & Carlton,* for Defendant in Error.

TAYLOR, J.—The declaration in this suit at law, the written contract made the basis of the action, and the only evidence introduced at the trial before jury, that of the plaintiff himself, all show that the plaintiff and the defendant occupied the status of partners with each other in a building adventure in which each of them was to contribute certain stated amounts towards the erection of a house on certain lots contributed by the defendant at a fixed valuation, and whereby certain moneys were to be borrowed for such building by mortgage on the property, and after completion of the house the whole property was to be sold, and the net profits, after deducting the fixed price of the lots and the repayment of the borrowed money with interest, and the amounts of cash contributed by each of the partners towards the building, was to be divided equally between them. It appeared from the evidence of the plaintiff that the building had been completed on the lots agreed upon, and the property had been sold by the defendant, but at what price he did not know, neither did he know at what cost the building had been constructed, as no accounting thereof had been had between the parties. All

that the plaintiff could say about it was that he had contributed his agreed amount of money, and that the building had been completed and the property sold by his co-partner in the venture, and that he had received nothing from the transaction.

-At the close of the plaintiff's testimony in his own behalf whereupon he rested his case, the defendant moved the court for an instructed verdict in his behalf on the following grounds:

"1st.    Because the evidence of the plaintiff shows that the matter in controversy was a partnership transaction growing out of a contract of partnership that would involve an accounting to determine the rights of the respective parties, and that no accounting and no settlement has been made and no balance struck between the parties, which is necessary to authorize an action at law.

"2nd.    Because there is a variance between the allegations of the declaration and the proofs submitted as to payment of the money and the consideration for the contract.

"3rd.    Because no damage has been proven by the plaintiff, and he has failed to prove the allegations of the declaration or to make out a case."

The court below granted this motion on the first and third grounds thereof, and instructed the jury to return a verdict for the defendant, which was done, and thereupon the court entered a final judgment whereby it was adjudged that the plaintiff take nothing by his plaint, and that the defendant go hence without day and recover of the plaintiff his costs, &c.   To review this judgment the plaintiff below comes here by writ of error.

It is obvious from the record in this case that the

plaintiff is entitled out of this transaction with his co-partner to nothing more than one-half of the net profits, if any, upon a sale of the property, after deducting from its sale price the fixed cost of the lots, the entire cost of the building including $2,500 borrowed for that purpose, and the $600 contributed by himself to the venture, and such further sum as might be necessary to complete the house to be furnished by the defendant below, and that to arrive at such net profit, if any there be, it will be necessary to go into an accounting as to the total cost of the building and into the amount realized from the sale of the property. None of which accounting has been had between said partners.

It is the settled rule here, as elsewhere, that an action at law by one partner against his co-partner will not lie on a claim growing out of the partnership transaction, until the business is wound up and the accounts finally settled. The remedy of the complaining partner in such cases is to be sought ordinarily in an equity court by bill for an accounting and settlement of the partnership affairs. 30 Cyc. 461 and citations; Lindley on Partnership (8th ed.) 635; 2 Rowley Mod. Law of Partnership, §743; Price v. Drew, 18 Fla. 670; White v. Ross, 35 Fla. 377, 17 South. Rep. 640.

The case here was particularly one for an equity court to deal with on a bill for a partnership settlement and accounting between the partners and had no place in a court of law, and in response to the motion of the defendant below for an instructed verdict and consequent final judgment at law on his behalf, the court should have discharged the jury and dismissed the case, without prejudice to the right of the plaintiff to apply for relief to the proper equity forum. The judgment of the court below is, therefore, hereby reversed with directions for

further proceedings in consonance herewith, the costs of this writ of error to be taxed against the defendant in error.

BROWNE, C. J., and SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.