ALLEN, Chief Judge.
This action was instituted in the law side of the Circuit Court for Hillsborough County to recover money allegedly due on the purchase of certain goods from the Euclid Urbana Company’s assignor, United Laboratories.
The trial judge, in the midst of a jury trial, on his own accord without request from either party in this action, announced that the case was too difficult for a jury and that he was declaring a mistrial and transferring the case to the equity docket. The defendant below, appellant here, objected to the court’s action and, after final decree on the equity side, it was appealed to this court, assigning many errors which allegedly occurred in the pleadings and in the trial of the action in the lower court. Since we shall reverse the order of the lower court transferring the case from law to equity and remand this case for a trial before a jury on the law side, we do not deem it necessary to pass on the alleged errors made in the reception and objection of evidence below.
The complaint filed in the lower court alleged that Leonard C. Rizzo, the defendant, was indebted to United Laboratories, a corporation, for goods, wares and merchandise in the sum of $841.91 purchased from the said corporation; and that the accounts due United Laboratories from the defendant were purchased by the plaintiff, Euclid Urbana Company. The defendant, by answer, denied any indebtedness to the plaintiff or to United Laboratories. A counterclaim was filed by the defendant which was stricken by the lower court.
The plaintiff offered a deposition composed of written interrogatories and answers of one LeRoy E. Seng, who was an officer or employee of United Laboratories for the purpose of identifying and testifying as to various orders of merchandise from the defendant below to United Laboratories, plaintiff’s assignor, and also copies of certain collection letters written by United Laboratories to the defendant. It was during the cross-examination of this witness by the defendant that the trial judge announced he was withdrawing the case from further consideration by the jury and would refer the same to a special master to make findings of fact and report to him.
We find nothing in the record in this case that would justify the lower court in taking the case from the jury and transferring it to equity on the theory that it was a matter of accounting. It is not sufficient to deny to the parties the constitutional right to a trial by jury merely because a case is complicated or because *555 questions of addition, subtraction and other mathematical problems arise which require elementary accounting’ on the part of the jury to arrive at a verdict.
In the case of Massengale v. O’Hara, 63 Fla. 521, 58 So. 42, the Florida Supreme Court held that where the allegations between the parties, which require an accounting, did not show any other equitable principle, the bill of complaint should have been dismissed on motion.
In Frierson v. Frierson, 110 Fla. 416, 149 So. 18, the Supreme Court, in its opinion, said:
“The demurrer should have also been sustained as to that part of the bill of complaint praying for an accounting because the allegations of the bill are not sufficient to show any necessity for a resort to equity and do show upon the face thereof that the amounts claimed by the complainants are fixed and certain, and, therefore, were recoverable, if at all, in a suit at law.”
The appellee, in its brief, argues that Rule 1.39, Florida Rules of Civil Procedure, 30 F.S.A., authorizes transfer of a case from law to equity and vice-versa. This is true if it appears that the action had been commenced either in equity or at law when it should have been brought on the opposite side of the court. This is not the case here as the pleadings show no statement of facts showing equity jurisdiction.
The appellant also assigns as error the dismissal of his counterclaim.' Since this case must be reversed and sent back for a jury trial, the appellant should be permitted to file a counterclaim if he has facts that would justify such action.
Reversed.
KANNER, J., and WARREN, LAMAR,' Associate Judge, .concur. ■ .