341 So.2d 818 (1977)
Thomas B. RIGGS, Appellant,
v.
SALTMARSH, CLEAVELAND AND GUND, a Partnership, Appellee.
No. DD-313.
District Court of Appeal of Florida, First District.
January 25, 1977.
Roderic G. Magie, of Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for appellant.
G. Miles Davis, of Beggs & Lane, Pensacola, for appellee.
RAWLS, Judge.
Appellant Riggs, an accountant, does not want an accounting in a court of equity, but to the contrary seeks damages in a court of law arising out of an alleged six-year partnership with his former accounting firm. By this interlocutory appeal, Riggs seeks reversal of an order of the trial court striking his prayer for a jury trial.
Riggs' second amended complaint alleged that on or about February 1, 1969, he became a general partner of defendant-appellee accounting firm, and that, as a general partner, he was entitled to a one-ninth interest in the assets of said firm. Riggs further alleged that on January 31, 1975, he voluntarily terminated and retired from the partnership, and upon his retirement, he was entitled to his interest in the partnership consisting of his share of the profits and surplus over and above his draws as of January 31, 1975, for the preceding fiscal year, and the value of a one-ninth interest in the assets of the firm, plus interest. He demanded a jury trial.[1]
Although Riggs attempted to frame his complaint as an action seeking damages, salient allegations reflect that it is a classical case of seeking to establish a fiduciary *819 relationship, i.e., a partnership,[2] and then an accounting in the event he is successful in the first instance. In Manning v. Clark,[3] in which a termination of an alleged partnership and accounting was sought, the Supreme Court stated:
"It is well settled that in suits for an accounting, where the answer does not admit the allegations of the complaint and there is no consent to entry of a decree, the proper practice is for the court to determine the initial question of plaintiff's right to an accounting, and an accounting may then be decreed if the finding is in favor of plaintiff upon the preliminary issue."
Dairy Queen v. Wood,[4] cited by Riggs, is not applicable for there plaintiff sought to metamorphize a classic law action for breach of contract into an equitable action by incorporating equitable terms in his allegations. Assuming Riggs proves his allegation that he was a general partner, the unravelling of the partnership's affairs spanning a period of five years to ascertain his claim of "one-ninth interest in the assets of the firm" will obviously entail an accounting between fiduciaries[5] which involves extensive or complicated accounts. Matters of account are one of the ordinary sources of equity jurisdiction, and on its face this case falls squarely within the rule that although courts of law have jurisdiction to enforce contract demands which involve an accounting, equity will take cognizance of cases where the alleged contract demands extensive accounting.[6]
AFFIRMED.
BOYER, C.J., and McCORD, J., concur.
NOTES
[1] Defendant-appellee answered denying the allegations in the complaint and counterclaimed that this is an action for an accounting.
[2] Wood v. Brackett, 266 So.2d 398 (1 Fla.App. 1972).
[3] Manning v. Clark, 56 So.2d 521 (Fla. 1951).
[4] Dairy Queen v. Wood, 369 U.S. 469, 8 L.Ed.2d 44, 82 S.Ct. 894 (1962).
[5] Alter v. Finesmith, 214 So.2d 732 (3 Fla.App. 1968).
[6] F.A. Chastain Construction, Inc. v. Pratt, 146 So.2d 910 (3 Fla.App. 1962).