PER CURIAM.
Petitioner (plaintiff) commenced this action in the trial court as an action at law on a complaint for breach of a series of construction contracts, demanding trial by jury. After several amendments to the complaint and a request by plaintiff to alter the amounts allegedly due and owing, the trial court, on defendant’s motion, *1024 struck the demand for jury trial,[1] and assigned the case to a special master. The reason advanced here by respondents as justification for denying plaintiff a jury trial is that the issues raised were sufficiently complex to warrant an equity accounting.
Respondents agree that plaintiff is entitled to a trial by jury as to those issues which are triable by jury, i.e., what were the terms of the agreement and whether there was a breach, but contend that the accounting aspects of the action are separable and equitable in nature, as to which there is no right to a trial by jury.
The controlling principle of law was stated succinctly in Rizzo v. Euclid Urbana Company, 118 So.2d 553, 554-555 (Fla. 2d DCA 1960):
It is not sufficient to deny to the parties the constitutional right to a trial by jury merely because a case is complicated or because questions of addition, subtraction and other mathematical problems arise which require elementary accounting on the part of the jury to arrive at a verdict.
Rizzo relied upon two earlier Florida Supreme Court cases. In Massengale v. O’Hara, 63 Fla. 521, 58 So. 42 (1912) it was held that where the complaint did not allege complicated accounts for adjustment that could not be readily determined in an action at law, an accounting in equity could not be maintained. Similarly, in Frierson v. Frierson, 110 Fla. 416, 149 So. 18 (1933), the supreme court held that where a claim was made by complaint for an amount fixed and certain, the action was to be maintained at law and not in equity.
The amended complaint filed in this cause is in twelve counts, claiming amounts fixed and certain as due and owing on six separate contracts. The action is one at law as to which there is a right to trial by jury.
We treat the petition as certiorari, grant same, quash the order on review and remand for further consistent proceedings.

. Approximately three months prior to entry of the order which is the subject of this appeal, defendant filed its first motion to strike plaintiffs demand for jury trial on the ground that the case involved extensive, complicated accounting and should be heard in equity. That motion was denied.