519 So.2d 743 (1988)
RBC I, INC., Appellant,
v.
AJAR I, INC., Appellee.
No. 87-2633.
District Court of Appeal of Florida, Third District.
February 9, 1988.
*744 Lau, Lane, Pieper & Asti and Michael Lins, Tampa, for appellant.
Walton, Lantaff, Schroeder & Carson and G. Bart Billbrough, Miami, for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
PER CURIAM.
In this interlocutory appeal, the defendant RBC I, Inc. (RBC) challenges an order denying its motion to transfer and consolidate or, in the alternative, to abate a cause of action on the ground of improper venue. We affirm.
Both RBC and AJAR I, Inc. (AJAR) are Florida corporations. RBC's principal offices are located in Hillsborough and Lee Counties; AJAR's, in Dade County. The two corporations formed a joint venture known as Klosterman Point Associates for the purpose of developing real property situated in Pinellas County. Under the terms of the joint venture agreement, the partnership's principal business office was in Dade County. Pursuant to section 620.65, Florida Statutes (1985), the venture's books and records were maintained in Dade County. AJAR commenced this action against RBC in the Dade County Circuit Court seeking a declaratory judgment as to the rights of the partners under the joint venture agreement, damages for breach of contract, dissolution of the partnership, and an equitable accounting.
The general rule is that an action at law is not maintainable between partners with respect to partnership transactions until there has been an accounting or settlement of partnership affairs. 8 Fla. Jur.2d Business Relationships § 647 (1978). Wills v. Andrews, 73 Fla. 384, 75 So. 618 (1917). Therefore, it would be improper to establish venue based on the contract claim asserted by AJAR since that claim is ancillary to the request for dissolution and an accounting.
Venue, then, must be determined by identifying that location around which the venture revolved. § 47.051, Fla. Stat. (1985). We reject RBC's argument that its customary place of business governs. In this case, it is entirely clear that insofar as the corporate aspects of the venture were concerned, RBC not only agreed that Dade County was to be the partnership's customary place of business, but that books, records, and other corporate indicia were to be maintained at the venture's principal place of business in Dade County. In addition, the fact that representatives of the two partner firms met at the venture office to discuss partnership business points to the Dade County location as being the venture's functional place of business.
Accordingly, the plaintiff correctly selected Dade County as the proper forum in which to bring suit.
Affirmed.