644 So.2d 523 (1994)
Amin DAHLAWI, et al., Petitioners,
v.
Zahid RAMLAWI, Respondent.
No. 94-1848.
District Court of Appeal of Florida, Third District.
September 14, 1994.
Rehearing Denied November 23, 1994.
Thomson Muraro Razook & Hart, and Parker D. Thomson, and Steven W. Davis, Miami, for petitioners.
Bailey Hunt & Jones, and Jesse C. Jones, Miami, for respondent.
Before BASKIN, LEVY and GERSTEN, JJ.
PER CURIAM.
Amin Dahlawi, Diana Dahlawi, and Hassan Dahlawi [hereafter collectively referred to as "petitioners"], seek certiorari review of the trial court's order that the jury conduct a partnership accounting, should the jury determine that a partnership was formed. We *524 grant the petition for the writ, and quash that part of the order under review.
Three related companies filed separate suits against respondent Zahid Ramlawi, a former employee and shareholder of one of the companies, for the recovery of certain monies and property. Ramlawi counterclaimed against various individuals and companies, including the petitioners, claiming inter alia that the petitioners had breached an alleged oral partnership agreement. Ramlawi also sought punitive damages in connection with claims for alleged defamation. There are presently at least 39 pending claims and counterclaims between the parties, involving both legal and equitable issues.
Although Ramlawi's counterclaim was framed as an action seeking damages for breach of contract, the allegations in the complaint clearly sought to verify the existence of a fiduciary relationship, i.e., a partnership. In a partnership dispute, the appropriate remedy is a formal accounting of the partnership affairs, and an action at law may generally not be maintained. Section 620.665, Florida Statutes (1993); Manning v. Clark, 56 So.2d 521 (Fla. 1951); Wills v. Andrews, 73 Fla. 384, 75 So. 618 (1917); Ponton v. Bradley, 588 So.2d 593 (Fla. 3d DCA 1991); RBC I, Inc. v. AJAR I, Inc., 519 So.2d 743 (Fla. 3d DCA 1988). We agree with the trial court that, if Ramlawi proves a partnership was established, his remedy is to seek an accounting, not an award for damages. Ramlawi's disguise of an equitable claim for relief as an action for damages cannot defeat the petitioners' right to an accounting under established partnership law.
However, we find that the trial court departed from the essential requirements of the law in holding that any accounting of the alleged partnership affairs would be conducted by the jury. If Ramlawi proves that a partnership was formed, the raveling of the partnership affairs will entail an extensive and complicated accounting involving six corporations. While a jury may be permitted to conduct a simple accounting in a breach of contract dispute involving a fixed and certain amount, see Martell & Sons, Inc. v. Friedman, 461 So.2d 1023 (Fla. 3d DCA), review denied, 469 So.2d 748 (Fla. 1985); Rizzo v. Euclid Urbana Co., 118 So.2d 553 (Fla. 2d DCA 1960), complicated partnership accountings are to be conducted in equity by the trial court, and not by the jury. See RBC I, Inc. v. AJAR I, Inc., 519 So.2d at 743; Riggs v. Saltmarsh, Cleaveland and Gund, 341 So.2d 818 (Fla. 1st DCA 1977).
As this court has previously noted: "Matters of account are one of the ordinary sources of equity jurisdiction and ... equity will take cognizance of cases where the contract demands between litigants involve extensive or complicated accounts and it is not clear that the remedy at law is as full, adequate and expeditious as it is in equity." F.A. Chastain Constr., Inc. v. Pratt, 146 So.2d 910, 913 (Fla. 3d DCA 1962). See Escandar v. Southern Management and Inv. Corp., 534 So.2d 1203, 1205 n. 4 (Fla. 3d DCA 1988); Riggs v. Saltmarsh, Cleaveland and Gund, 341 So.2d at 819. The right to an equitable accounting of complicated partnership affairs cannot be bartered for expediency.
We therefore conclude that the trial court's ruling on this issue departs from the essential requirements of the law, and may result in irreparable injury throughout the subsequent proceedings which cannot be remedied by plenary appeal. See W.R. Grace & Co. Conn. v. Waters, 638 So.2d 502 (Fla. 1994); Kauffman v. King, 89 So.2d 24 (Fla. 1956); Magram v. Raffel, 443 So.2d 396 (Fla. 3d DCA 1984); Sarasota-Manatee Airport Auth. v. Alderman, 238 So.2d 678 (Fla. 2d DCA 1970). Accordingly, we grant the petition for certiorari and quash that part of the trial court's order directing that any partnership accounting be conducted by the jury, in the event the existence of a partnership is proven at trial.
Certiorari granted, order quashed in part, and cause remanded.