666 So.2d 972 (1996)
James R. BOYCE, Petitioner,
v.
M.F. HORT, Respondent.
No. 95-2572.
District Court of Appeal of Florida, Fifth District.
January 12, 1996.
*973 Ted B. Edwards and Kevin K. Smith of Smith, MacKinnon, Harris, Greeley, Bowdoin & Edwards, P.A., Orlando, for Petitioner.
Hal K. Litchford and David G. Lerner of Litchford & Christopher, P.A., Orlando, and Richard J. Burton of Richard J. Burton & Associates, P.A., Bay Harbor, for Respondent.
ANTOON, Judge.
James R. Boyce seeks certiorari review, contending that the trial court departed from the essential requirements of the law in denying his motion to transfer this case from the trial court's jury docket to the trial court's non-jury docket. We agree that the trial court erred in so ruling, and therefore, we grant the petition and quash the order.
M.F. Hort filed a complaint against Boyce, alleging several causes of action arising out of a partnership relationship between the parties. In this regard, the complaint alleges causes of actions for breach of fiduciary duties and breach of the partnership agreement, and also sets forth a claim of usurping partnership business opportunities. The complaint seeks a partnership accounting as well as an award of damages.
Along with his answer, Boyce filed affirmative defenses and a counterclaim. All allegations included in the affirmative defenses and the counterclaim arise out of the parties' alleged partnership agreement. In fact, the counterclaim is almost identical to the complaint in that the counterclaim alleges breach of fiduciary duties, breach of contract, and usurping partnership business opportunities. Also, like the complaint, the counterclaim seeks a partnership accounting. The issue for our determination is whether this lawsuit must be tried in equity by the trial court or at law before a jury.
Article I, section 22 of the Florida Constitution, in guaranteeing the right to trial by jury, provides that "the right to trial by jury shall be secure and remain inviolate." This right, however, extends only to those cases where jury trials were afforded by common law as practiced at the time of the adoption of the constitution. As a result, in Florida, the right to a jury trial does not extend to causes of action in equity. Hawkins v. Rellim Investment Co., 92 Fla. 784, 110 So. 350, 351 (1926).
Suits arising out of a partnership relationship are generally suits in equity because the appropriate remedy for partnership disputes is a formal accounting of the partnership. § 620.665, Fla. Stat. (1981); Manning v. Clark, 56 So.2d 521 (Fla. 1951); Wills v. Andrews, 73 Fla. 384, 75 So. 618 (1917); Ponton v. Bradley, 588 So.2d 593 (Fla. 3d DCA 1991); RBC I, Inc. v. AJAR I, Inc., 519 So.2d 743 (Fla. 3d DCA 1988). Here, since the parties' pleadings seek equitable *974 relief in the form of a partnership accounting, this matter must proceed in equity.
Importantly, the mere fact that Hort has included a count for breach of contract in his complaint does not transform this case of equity into a case at law. Our courts have cautioned against efforts to disguise equitable claims in partnership matters as breaches of contract or breaches of fiduciary duties by including requests for damages, explaining that such efforts do not transform the equitable claims into actions at law, and will not deprive a party of the right to an accounting under established partnership law. Dahlawi v. Ramlawi, 644 So.2d 523 (Fla. 3d DCA 1994), rev. denied, 652 So.2d 817 (Fla. 1995).
Relying on dicta in Dahlawi, Hort argues that a jury should be permitted to conduct a simple accounting in a breach of contract dispute involving a fixed and certain amount, and that the general rule that an accounting is the proper remedy for actions arising out of partnerships applies only when the issues are complex. Dahlawi, 644 So.2d at 524. This argument is without merit because, as noted above, the determination of whether a party has the right to jury trial does not turn upon the complexity of the underlying dispute, but instead, the entitlement to a jury trial hinges upon the alleged relationship between the parties. White v. Ross, 35 Fla. 377, 17 So. 640 (1895). However, we note that, even if complexity were an issue to be weighed, in the instant case it would militate against trial by jury because the claims made by the parties are not fixed and certain. Instead, Hort is seeking in excess of one million dollars in damages and the particulars of the claim involve, among other things, grazing fees, rent, attorney's fees, bank fees, taxes, and interest payments incurred over a nine-year period. Inextricably intertwined with each of these questions of fact are questions of partnership law resulting in complexity of daunting proportion.
Hort also claims that a jury trial is proper in this case because a partnership accounting was already accomplished when the partnership property was sold and the proceeds of the sale distributed. This claim also lacks merit especially in light of the fact that Hort included in his complaint a count specifically seeking a partnership accounting.
Accordingly, we grant the petition for writ of certiorari, and quash the order denying Boyce's motion to transfer this case to the non-jury docket.
PETITION GRANTED, ORDER QUASHED.
HARRIS, J., concurs.
GRIFFIN, J., dissents, without opinion.