FARMER, Judge.
In this action where the purported buyers of real property sued the alleged seller for both breach of contract and specific performance, the principal issues were whether there was a contract and whether there was a breach by the seller. The only issues submitted to the jury centered around the legal claims. The jury’s verdict in favor of the aggrieved buyers is supported by the record, and so we affirm it. We also affirm the trial court’s construction of the contract, as resolved by the jury, that it was sufficiently-definite as to essential terms.
On cross appeal, the buyers contend that it was error for the trial court to grant the post trial motion of the seller for judgment in accord with a motion for directed verdict, made during trial, on the specific performance claim. Buyers’ principal contention is that the equitable claim was never fully tried during the jury trial, and the court had ruled during trial that they could elect that remedy following the jury trial. The breach of contract claim of the buyers Ryan did not seek damages,[1] while the breach of contract claim of the other buyers did pray for such damages. And shortly after the jury’s verdict, all of the buyers filed notices for nonjury trial on their specific performance claims.
It is basic that the trial to a judge on equitable claims cannot supplant the right to *393 a jury trial on interrelated legal claims. Beacon Theatres Inc. v. Westover, 359 U.S. 500, 510-11, 79 S.Ct. 948, 957, 3 L.Ed.2d 988 (1959) (“only under the most imperative circumstances ... can the right to a jury trial of legal issues be lost through prior determination of equitable claims.”); Dairy Queen Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); and Cerrito v. Kovitch, 457 So.2d 1021 (Fla.1984). When legal and equitable claims are interrelated, as they demonstrably are here, as a practical consequence the jury trial usually precedes the equitable determination. Although a trial judge could certainly require that all evidence supporting both legal and equitable claims be adduced by the parties during the jury trial, with the judge to decide the equitable claims following the jury’s verdict, a trial judge is just as surely not bound to follow that procedure. It is entirely plausible that in a factually, procedurally and legally complex case, the judge could simply hold two trials, the first being the legal one before a jury.
We are unable to find anywhere in this record where the trial judge ordered the buyers to adduce all of their evidence on the specific performance claim during the jury trial on the breach of contract claim. Yet the basis for granting the post trial motion for judgment on the specific performance claim was that buyers had failed to adduce sufficient evidence to support such relief. Accordingly, we conclude that the record does not support the trial court’s judgment on the equitable claim because the buyers were never given the opportunity or direction to produce all of their evidence at the jury trial to support such equitable relief. We therefore reverse for a trial on the specific performance claim. We otherwise affirm on all issues not discussed.
REVERSED AND REMANDED FOR TRIAL ON EQUITABLE CLAIM.
WARNER, J., and DONNER, AMY STEELE, Associate Judge, concur.

. Because the Ryans’ last pleading failed to seek money damages for the alleged breach, it was error to include the Ryans in the money judgment. On remand the trial court shall strike them from the judgment awarding money damages.