VAN NORTWICK, Judge.
Paul Koros, M.D., seeks reversal of a final judgment dismissing with prejudice his seventh amended complaint which sought damages from a limited partnership of which Koros is a limited partner and from the individual and corporate general partners of such limited partnership. For the reasons explained below, we affirm.
Appellant, an anesthesiologist, filed suit against Doctor’s Special Surgery, Ltd., doing business as Single Day Surgery (SDS), a Florida limited partnership through which Koros practiced medicine and in which he remains a partner, and against the other partners of SDS. SDS is a limited partnership comprised of, among other parties, Beach Boulevard Surgery, Inc. (a general partner), HSI Support Systems, Inc. (a general partner), Brett J. Lewis (the managing general partner, and an officer and employee of HSI), James C. Haywood (a general partner and director of SDS), and John Kennedy, M.D. (a general partner and the managing medical director of SDS).
Essentially, appellant seeks damages for statements made by the managing general partner, Lewis, and the center director, Haywood, and for actions undertaken by the medical director of SDS, Kennedy, in allegedly recruiting appellant to SDS and, thereafter, in allegedly seeking to remove' appellant from SDS. In the initial complaint, appellant sought damages for causes of action based upon defamation and breach of a contract consisting of the medical staff bylaws adopted by SDS. In response to appel-lee’s various motions to dismiss, appellant filed a series of amended complaints. By the time the seventh amended complaint was filed, the complaint had evolved from two counts into a byzantine, 13 count, 112-page document, seeking compensatory as well as punitive damages for a variety of claims arising out of the operation of SDS, including breach of contract (the SDS medical staff by-laws), misrepresentation (two counts), intentional misrepresentation, breach of fiduciary duty, negligent defamation, reckless defamation, negligent misrepresentation (three counts) and intentional infliction of emotional distress.[1]
The defendants moved to strike and/or dismiss the seventh amended complaint. In its final order of dismissal, the lower court concluded as follows:
Having devoted a substantial amount of time to consideration of this cause, the Court is drawn inexorably to the conclusion that each of the counts again fails to state sufficient grounds to support the various causes of action alleged in the thirteen (13) counts of the complaint.
This appeal ensued. Although appellant argued the propriety of the dismissal of all 13 counts in his initial brief, at oral argument, appellant stated that he was seeking only a reversal as to the first seven counts of the complaint.
Under the law applicable here, a partner may not sue other partners or the partnership in an action at law regarding a matter within the scope of the partnership until there has been an accounting of the affairs of the partnership under section 620.665, Florida Statutes (1993).[2] See Wills *139 v. Andrews, 73 Fla. 384, 75 So. 618 (1917); Laurence v. Soler, 706 So.2d 896 (Fla. 3d DCA 1998); Miller v. Taplin, 692 So.2d 932 (Fla. 3d DCA), rev. denied, 705 So.2d 10 (Fla.1997); Dahlawi v. Ramlawi, 644 So.2d 523 (Fla. 3d DCA 1994), rev. denied, 652 So.2d 817 (Fla.1995). Although this rule restricting actions at law between partners may have been based in part on historical distinctions between actions at law and at equity, see White v. Ross, 35 Fla. 377, 17 So. 640, 641 (1895), and see also Bromberg & Ribstein on Partnership, § 6.08(c) (1988), the rule also farthers judicial economy by requiring the resolution of all disputes among the partners and partnership in one proceeding. Bromberg & Ribstein at § 6.08(c). Thus, an action for a partnership accounting encompasses all claims, counterclaims and set offs between and among the partners involving matters related to the partnership, including claims for breach of a partner’s fiduciary duty. Id. at § 6.08(a).
The appellant has east all counts in the seventh amended complaint as allegations of civil wrongdoing by various partners of SDS (acting in his or its capacity as a partner) or the partnership against the appellant, in his capacity as a partner, for matters involving partnership business or operation. Appellant has not sued derivatively on behalf of the partnership, see section 620.163, Florida Statutes (1993), and is not in actuality suing any partner for any action taken in that partner’s individual capacity. Accordingly, under the law applicable here, appellant cannot proceed with the instant claims except in the context of a formal accounting of the affairs of the partnership. See also Boyce v. Hort, 666 So.2d 972 (Fla. 5th DCA 1996); and RBC I, Inc. v. AJAR I, Inc., 519 So.2d 743 (Fla. 3d DCA 1988). Despite the numerous iterations of this complaint, appellant has sought no partnership dissolution or accounting of the partnership’s affairs in this action.
We would normally reverse the dismissal with prejudice and remand the action to the trial court with instructions to abate the actions at law between the appellant, the partnership, and appellant’s fellow partners until such time as an accounting of partnership affairs has been conducted. See Laurence v. Soler, 706 So.2d at 897; Miller v. Taplin, 692 So.2d at 932. Below, however, the trial court patiently provided numerous opportunities for appellant to seek an accounting which might address the matters raised in the instant action. In addition, on appeal appellant has not suggested that he seeks that remedy. Thus, given the unique procedural history of this case, we cannot say that the trial court abused its discretion in ordering a dismissal with prejudice of the claims raised in the seventh amended complaint. See Hamide v. State Dept, of Corrections, 548 So.2d 877 (Fla. 1st DCA 1989). Accordingly, the final judgment dismissing the seventh amended complaint with prejudice is AFFIRMED.
JOANOS and WOLF, JJ., concur.

. After filing the seventh amended complaint, appellant dismissed Kennedy as a parly.

. Effective January 1, 1996, the legislature amended Florida’s partnership law to adopt in substantial part the Revised Uniform Partnership Act (1994). Laws of Florida, ch. 95-242, § 13; see John W. Larson, Florida’s New Partnership Law: The Revised Uniform Partnership Act and Limited Liability Partnerships, 23 Fla. St. U.L.Rev. 201 (1995). Among other things, the 1996 amendment authorizes a partner to maintain an action against the partnership or another partner for legal and equitable relief, "with or without an accounting as to partnership business” to enforce a partner’s rights under the partnership agreement, Chapter 620, and to "otherwise protect the interests of such partner, *139 including rights and interests arising independently of the partnership relationship.” § 620.8405(2), Fla. Stat. (1996 Supp.). In this subsection, the legislature adopted in substance section 405(b) of the Revised Uniform Partnership Act (1994)(RUPA). The comments to section 405 of RUPA explain the change in the law intended by this section, in part as follows:
Under RUPA, an accounting is not a prerequisite to the availability of the other remedies a partner may have against the partnership or the other partners.... Under subsection (b), a partner may bring a direct suit against the partnership or another partner for almost any cause of action arising out of the conduct of the partnership business. That eliminates the present procedural barriers to suits between partners filed independently of an accounting action. In addition to a formal account, the court may grant any other appropriate legal or equitable remedy.
Unif. Partnership Act § 405, comm. 2, 6 U.L.A. 64 (1994).
The final order of dismissal below was entered on November 2, 1995. No party has argued the applicability of section 620.8405(2) to this action. Further, because the law in effect at the time of dismissal, and not the 1996 amendment, applies to the instant action, we do not address section 620.8405(2) here. See generally Hassen v. State Farm Mut. Auto. Ins., 674 So.2d 106 (Fla.1996).