732 So.2d 486 (1999)
Lawrence H. PAOLI, Appellant,
v.
Russell S. NATHERSON, and Patrick L. Gallagher, Appellee(s).
No. 97-02913.
District Court of Appeal of Florida, Second District.
May 26, 1999.
Rehearing Denied May 26, 1999.
*487 Michael C. Addison, Tampa, for Appellant.
Robert C. Widman of Morris & Widman, P.A., Venice and Joseph W. Little, Gainesville, for Appellees.
NORTHCUTT, Judge.
This appeal and cross-appeal involve claims arising from Lawrence Paoli's withdrawal from a partnership with Russell Natherson and Patrick Gallagher. Their partnership agreement contained a specific provision addressing the withdrawal of a partner. It allowed the remaining partners to continue the partnership and purchase the withdrawing partner's interest based on its book value. Natherson and Gallagher elected to purchase Paoli's interest pursuant to this provision. Paoli eventually filed suit for breach of contract, claiming money was due him for his interest. Natherson and Gallagher counterclaimed, seeking a declaratory judgment that Paoli owed the partnership money based on a deficit in his capital account, and seeking an accounting.
The case eventually proceeded to a jury trial on Paoli's claim. The jury found that the book value of Paoli's interest was $14,559, and he was awarded that amount in damages. Based solely on the evidence presented to the jury, the court then conducted an accounting pursuant to the counterclaim, and it determined that Paoli owed the partnership $186,556. It then entered two judgments; one in favor of Paoli based on the jury's verdict, and one in favor of Natherson and Gallagher based on the accounting.
On appeal, Paoli challenges the judgment on the counterclaim. Unsurprisingly, on cross-appeal Natherson and Gallagher assert error in the judgment entered on the jury's verdict. As we will explain, we affirm the judgment in favor of Paoli, but reverse the counterclaim judgment and remand for a new accounting.
We first address the jury's verdict. As previously mentioned, the jury was to decide Paoli's claim that the other partners had breached the partnership agreement by failing to pay him the book value of his interest when he withdrew. While the partnership agreement provided a method to determine the amount owed to a withdrawing partner based on the book value of his interest, it did not define the term book value. In a pretrial order, the court decided that:
the book value of the partnership is an amount equal to the value of the assets of the partnership, computed with no value placed on goodwill and all real and personal property evaluated at fair market value less 20 percent [the penalty imposed under the partnership agreement on a withdrawing partner's interest] minus the liabilities of the partnership. The specific amount of the book value is an issue to be resolved by the finder of fact.
This definition of book value has support in case law. See Malkus v. Gaines, 476 So.2d 220, 223 (Fla. 3d DCA 1985).
The verdict form asked the jury to decide two questions: whether the book value of Paoli's interest was negative or positive; and the amount of the book value of Paoli's interest at the time of his withdrawal. The jury answered that the book value was positive, and that the amount was $14,559. On a motion for new trial, the circuit court found that the verdict was supported by competent and substantial evidence. Natherson and Gallagher do not contend otherwise.
Instead, Natherson and Gallagher argue that Paoli's breach of contract claim should never have been submitted to the jury. We first note that they were the parties who originally requested the jury trial. On appeal, they claim that the question of book value was one of equity and should have been handled in an accounting. They urge us to set aside the jury verdict on this basis. We decline to do so. A jury may be permitted to conduct a simple accounting in a breach of contract case. See Dahlawi v. Ramlawi, 644 So.2d 523, 524 (Fla. 3d DCA 1994). While complicated partnership accountings are to be conducted *488 by a court in equity, see id., this was not a complicated calculation. The partnership agreement established a formula to determine a withdrawing partner's interest. The jury merely had to decide the dollar amount of the partnership assets and subtract the dollar amount of the partnership liabilities, and apply the contractual formula. See Martell & Sons, Inc. v. Friedman, 461 So.2d 1023, 1024 (Fla. 3d DCA 1985) The jury's verdict must stand.
We now address the accounting performed by the circuit court after the jury trial. We agree with Paoli that the judgment on the counterclaim, which resulted from the accounting, was in conflict with the jury's ruling on the main claim.
First of all, the accounting was to determine whether a deficit existed in Paoli's capital account. During the jury portion of the trial, Natherson and Gallagher argued that the book value of Paoli's interest in the partnership was equal to the amount in his capital account. If this was the case, there was no need for the court to conduct a separate accounting. We therefore infer that the court believed the capital account was different than the book value, which was defined as the difference between the partnership's assets and its liabilities, minus certain adjustments.
In its accounting, the court performed its own computation of the difference between the assets and the liabilities of the partnership. It adopted the figures submitted by Natherson and Gallagher, and valued the partnership assets at $959,514 and the liabilities at $1,867,396. Thus, instead of having a positive value, as the jury determined, the partnership had a negative value of ($907,882), of which Paoli's share was ($181,556).
The court erred in making this computation. When a jury decides fact issues in an action at law, and the issues are sufficiently similar to the fact issues in a related equitable claim, the trial court is bound by the jury's findings of fact when it then rules on the equitable claim. See Billian v. Mobil Corp., 710 So.2d 984, 992 (Fla. 4th DCA 1998), review denied, 725 So.2d 1109 (Fla.1998). The jury found that the book value of Paoli's account was $14,559. The circuit court was required to apply its definition of book value to the jury's figure, and extrapolate to determine the value of the partnership's assets and liabilities for the accounting.
We reverse the judgment against Paoli for $181,556 and remand for a new accounting. The jury was not given an itemized verdict form, so we do not know how it arrived at its determination that the assets of the partnership exceeded the liabilities. However, we must presume that the jury considered all evidence presented to it. If any party has evidence relevant to the accounting that was not presented to the jury, that party may raise this evidence on remand. See Sunbank, N.A. v. Retirement Facility at Palm-Aire, Ltd., 698 So.2d 392 (Fla. 4th DCA 1997).
Finally, we reverse the portion of the amended counterclaim judgment that granted Natherson and Gallagher prejudgment interest. The general rule is that prejudgment interest is allowed for actions based on contract from the date the debt is due. See Lumbermens Mut. Cas. Co. v. Percefull, 653 So.2d 389, 390 (Fla.1995). In this case, however, Natherson's and Gallagher's counterclaim for breach of contract was dismissed and not refiled. Their only counterclaims were equitable, and sought a declaratory judgment and an accounting. As such, no debt was due until the accounting was completed or the declaration entered. If, in the accounting on remand, the circuit court determines that Paoli owes any sum to Natherson and Gallagher, the court shall not award prejudgment interest on that sum.
Final judgment on claim affirmed, amended final judgment on counterclaim reversed, and remanded.
WHATLEY, A.C.J., and CASANUEVA, J., Concur.