ON MOTION FOR REHEARING

STONE, J.
In our initial opinion, we recognized, as applicable, remedies applying the principle of ouster as set forth in Coggan v. Coggan, 239 So.2d 17, 19 (Fla.1970) and Moraitis v. Galluzzo, 511 So.2d 427 (Fla. 4th DCA 1987), rev. denied, 519 So.2d 987 (Fla.1988). On motion for rehearing, Appellant asserts that this relief was not within the pleadings. We deny rehearing, but withdraw our prior opinion and substitute the following in its place.
We reverse the final judgment awarding Appellee, Southfield Farms Corporation, $80,000.00 plus prejudgment interest for its one-half portion of a joint payment for a horse.
It is undisputed that Appellant and Ap-pellee orally agreed in the fall of 1991 to *1036 jointly purchase a show horse, Latest Edition. After Appellant completed the purchase and obtained the horse from a third party, Appellee sent Appellant a limited partnership agreement incorporating Ap-pellee’s understanding of the terms of their agreement. Appellant disagreed with those terms and refused to sign. Appellant at all times had possession of the horse.
The case was tried on Appellee’s claim of breach of a written document, the proposed unsigned limited partnership agreement. At trial, the terms of the parties’ agreement were contested. Appellee argued that they had agreed that each party would pay one-half of the purchase price, each would be allowed possession of the horse in equal amounts for alternating years, and that the party in possession would be responsible for the costs and expenses of maintaining the horse. Appellant argued that each party agreed to pay one-half of the purchase price, but asserted that Appellee entered into the agreement for investment purposes only, that Appellant would control and manage, as well as retain possession of the horse, and that each was responsible for fifty percent of the caring and competition costs.
At the close of the evidence, the trial judge, although favoring Appellee’s version of the facts, recognized and found that the parties were not bound by Appellee’s unsigned proposed written limited partnership agreement. Instead, the court found that the parties had an oral agreement to purchase a horse, which was breached by Appellant. The trial court held that Ap-pellee was entitled to recover from Appellant its half of the purchase price, plus interest. The court further ruled that “upon, and only upon,” satisfaction of the money damages, Appellant would have sole title and ownership of the horse.
Appellant raises six issues on appeal; we address three.
First, Appellee did not plead breach of an oral contract to purchase as a cause of action. See Lovett v. Lovett, 93 Fla. 611, 112 So. 768 (1927). The action was tried and decided solely upon Appel-lee’s allegations of Appellant’s breach of the terms of a written limited partnership agreement. Appellee did not move to amend the complaint to include an issue of breach of an oral agreement to purchase. Further, breach of an oral agreement to purchase was not tried by implied consent. The evidence was admitted on the claim that there was a written limited partnership agreement. See Raimi v. Furlong, 702 So.2d 1273 (Fla. 3d DCA 1997), rev. denied, 717 So.2d 531 (Fla.1998); Wassil v. Gilmour, 465 So.2d 566 (Fla. 3d DCA 1985). It was Appellant’s position that the parties’ relationship was that of a simple partnership. Clearly, the issue of breach of an oral contract to purchase fell outside the scope of the pleadings.
Further, the award to Appellee effectively, albeit not explicitly, grants rescission as a remedy. A rescission remedy is problematic here for several reasons. First, neither party pled rescission. Second, there were no allegations of fraud, mistake, or misrepresentation asserted by Appellee in the complaint. Both parties agreed that Appellee’s half of the purchase money was used for its intended purpose and that the horse was jointly purchased and owned. Third, the award requires Appellant to return funds she never possessed, as the horse was purchased from, and each party "had sent their respective half of the purchase price to, an unrelated third party seller. Patently, the court did not, and could not, put both parties back to their original pre-purchase positions. See generally, Bush v. Palm Beach Imports, Inc., 610 So.2d 68 (Fla. 4th DCA 1992)(holding that rescission is an inadequate remedy where the parties cannot be restored to their status quo).
Appellant argues on appeal that the trial court, upon recognizing that a joint purchase occurred, should have entered an order of partition based on principles of partnership dissolution. However, the *1037 record reflects that neither party requested partition. See Landay v. Landay, 400 So.2d 43 (Fla. 2d DCA 1981), opinion modified on other grounds, 429 So.2d 1197 (Fla.1983).
Finally, we note that both parties have acknowledged that they “orally agreed to enter into a partnership, the purpose of which was to acquire a horse.” The horse was purchased and jointly owned for several years. What was disputed is the terms of the relationship with respect to sharing the horse and expense, and whether it was to be a “limited” partnership.
Generally, an accounting between partners or joint venturers is a condition precedent to an action at law between them. See Koros v. Doctor’s Special Surgery Ctr. of Jacksonville, Ltd., 717 So.2d 137, 138-39 (Fla. 1st DCA 1998); Laurence v. Soler, 706 So.2d 896, 897 (Fla. 3d DCA 1998); Dahlawi v. Ramlawi, 644 So.2d 523, 524 (Fla. 3d DCA 1994), rev. denied, 652 So.2d 817 (Fla.1995); RBC I, Inc. v. AJAR I, Inc., 519 So.2d 743, 744 (Fla. 3d DCA 1988). Appellant, in her answer, correctly argued that “an action at law is not maintainable between partners with respect to partnership transactions until there has been an accounting or settlement of partnership affairs.” Appellant sought an accounting. We conclude that the only remedies available to the court, given the nature of the pleadings, are those consistent with an accounting.
Accordingly, we reverse the final judgment and remand for further proceedings consistent with this opinion.
DELL and GROSS, JJ., concur.