POLSTON, J.
Appellees brought this action, seeking an accounting of an alleged partnership with appellants involving various real estate, damages, and specific performance of a contract for the sale of 100 acres of farmland. After a bench trial, the trial court found that the parties breached a written agreement and verbal agreements, an “enterprise” existed, an accounting would be “futile” because of appellants’ *1260 actions, and there “is no equitable way to decide this case along strict contract law.” Appellants appeal the trial court’s final judgment requiring them to convey ten of their lots on the east side of the Chipóla River to appellees and allowing appellees to select the ten lots they wish to possess, hold, or resell as they see fit. No counter-appeal was filed by appellees.
Appellants argue that the trial court attempted to achieve what was believed to be a fair result, but the remedy awarded was improper. In response, appellees state that the trial court fashioned a proper, equitable remedy by dividing the assets. We agree with appellants that it appears the trial court improperly attempted to wind up the affairs of the partnership and distribute its assets without request by the parties or record support. See Fellman v. Southfield Farms Corp., 747 So.2d 1035, 1036-37 (Fla. 4th DCA 1999) (rejecting an argument for partition of partnership property because neither party requested it).
Therefore, we reverse the trial court’s ruling requiring the distribution of appellants’ ten river lots, without prejudice to subsequent proceedings on claims not yet brought by the parties under the Revised Uniform Partnership Act of 1995, chapter 620, Florida Statutes. See generally Ortega Travel Servs., Inc. v. Pearson, 765 So.2d 931 (Fla. 1st DCA 2000) (describing dissolution, termination, and winding up of partnership); Shephard v. Ouellete, 854 So.2d 251 (Fla. 5th DCA 2003) (describing ownership of partnership property and partition); Horizon/CMS Healthcare Corp. v. S. Oaks Health Care, Inc., 732 So.2d 1156, 1159 n. 4 (Fla. 5th DCA 1999) (stating that RUPA, effective January 1, 1996, for general partnerships formed on or after that date, applies retroactively to general partnerships whenever they were initially formed, beginning January 1, 1998).
REVERSED and REMANDED.
WOLF, C. J., and PADOVANO, J., concur.