RAMIREZ, J.
David Efron appeals the trial court’s final judgment entered against him on his accounting claims and the trial courts order awarding defendants their costs and attorneys’ fees. We find that the trial court correctly abated Efron’s claims pending the outcome of the accounting issues between the parties. We further find that Efron was not wrongfully deprived of a jury trial, and there was competent substantial evidence to support the trial courts findings regarding the various accounting issues. Finally, we see no basis to support Efron’s position that the trial court’s award of defendants attorneys’ fees and costs should be reversed. We therefore affirm the final judgment and corrected order under review.
Jose Efron (David Efron’s father) was a successful real estate developer, as is Jose Milton. In 1974, Milton and Jose Efron became equal partners in Joseph Enterprises, a townhouse construction project. Milton, who is also an architect and a general contractor, was the managing partner of the project and performed the architectural, sales, marketing, design and planning activities.
In 1977, Jose Efron substituted his company, Paragon Investment Corporation (a Florida corporation) as 50% partner of Joseph Enterprises. A new partnership agreement was drawn up between Milton and Paragon Investment Corporation. Paragraph 13 of the partnership agreement provided for Milton’s duties as managing partner which included, but was not limited to, employing, contracting and paying without approval or consent for services rendered to the partnership; borrowing or lending money on behalf of the partnership, executing contracts, mortgages and leases; and assigning, transferring or pledging any debts due the partnership or releasing any such debts due.
In April 1992, Efron, as personal representative of the estate of his father, sued Jose Milton & Associates, Inc., and later Jose Milton, individually, as well as other defendants. This amended complaint sought damages for civil theft, civil RICO, conversion, breach of fiduciary duty, fraud, and other damages and alleged that Jose Milton & Associates, Inc. skimmed revenues as part of a pattern of fraud, self-dealing and overcharging. Count VII of the amended complaint sought an accounting that incorporated by reference all of the allegations that Jose Milton and his companies committed fraud and misconduct.
In its final judgment order, the trial court determined that there was no evidence of fraud, self-dealing, secret profits or any other misconduct. The court further found that each of the claims incorporated into the claims for an accounting were barred by the statute of limitations. The court determined that a jury trial was unnecessary and not supported by law because actions at law between partners must be abated until such time as the accounting was concluded and the partnership dissolved. The trial court thereafter granted the defendants’ motion for costs and attorney’s fees.
a. Denial of a Jury Trial.
Efron first argues that the trial court erred by denying him a jury trial. We disagree.
The trial court abated all claims, except for the accounting claim, until the accounting trial was completed. We find that the trial court correctly entered the order *499 abating the action, and thus, did not wrongfully deny Efron’s request for a jury trial.
The right to trial by jury does not extend to equitable causes of action, such as an accounting. Boyce v. Hort, 666 So.2d 972, 973-74 (Fla. 5th DCA 1996). Furthermore, a partner may not sue other partners or the partnership in an action at law regarding matters within the scope of the partnership until there has been an accounting of the affairs of the partnership. Koros v. Doctor’s Special Surgery Ctr. of Jacksonville, Ltd., 717 So.2d 137, 138-39 (Fla. 1st DCA 1998); Laurence v. Soler, 706 So.2d 896, 897 (Fla. 3d DCA 1998); Miller v. Taplin, 692 So.2d 932 (Fla. 3d DCA 1997); Dahlawi v. Ramlawi, 644 So.2d 523, 524 (Fla. 3d DCA 1994). As such, the trial court was eminently correct in abating the actions at law, and we affirm on this issue.
Efron also maintains that section 620.8405(2), Florida Statutes, of the Revised Uniform Partnership Act (RUPA) allows him to pursue his legal claims against the defendants with or without an accounting to the partnership business and cites Horizon/CMS Healthcare Corp. v. Southern Oaks Health Care, Inc., 732 So.2d 1156, 1159, n. 4 (Fla. 5th DCA 1999), in support of his position. We believe his argument is misplaced.
First, Efron did not argue the applicability of section 620.8405(2) below but raises it now for the first time on appeal. Furthermore, RUPA became effective January 1, 1996 for partnerships formed on or after that date. RUPA applies retroactively to all general partnerships whenever they were initially formed, beginning in January 1, 1998. The partnership agreements in question here were executed in 1977 and 1980, so at an initial glance, because these partnerships were formed before January 1, 1996, it appears that RUPA does not apply. Efron claims it does apply because of RUPA’s retroactive application. However, RUPA’s retroactive application did not go into effect until January 1, 1998, well after the date Efron filed his first claim for an accounting in 1992 and after Efron filed his Second Amended Complaint in 1996. Thus, at the time Efron filed his Second Amended Complaint, Florida’s Uniform Partnership Act (UPA) was still in effect and governed this partnership (the UPA was not repealed until January 1, 1998). Thus, RUPA is inapplicable here. As a general rule, in the absence of clear legislative intent to the contrary, a law affecting substantive rights applies prospectively. Hotelera Naco, Inc. v. Chinea, 708 So.2d 961, 962 (Fla. 3d DCA 1998). Thus, the statute in effect at the time the cause of action arose here was the UPA, and Efron was not deprived of a jury trial.
b. Breach of Fiduciary Duty.
Efron next argues that there is undisputed evidence that Milton breached a fiduciary duty to Efron and the partnership, that he is not stopped from seeking payment of these amounts, and that the trial court erred in holding that the claims of self-dealing were barred by the statute of limitations. We again disagree.
The record reflects substantial competent evidence to support the trial court’s detailed findings of fact that there was no evidence of fraud, self-dealing, breach of fiduciary duty or other misconduct on the defendants’ part. In fact, the transcripts reflect that Milton testified that all of the amounts charged to the partnership by companies Milton owned were disclosed every year in the partnership financial statements. There was never any objection by Jose Efron. Because all of these findings of fact come to this Court clothed with a presumption of correctness, they should not be disturbed on appeal. See Laufer v. Norma Fashions, Inc., 418 So.2d 437, 439 (Fla. 3d DCA 1982).
*500 In addition, the trial court correctly determined that as a matter of law, all of the remaining tort claims in the Second Amended Complaint that were abated are barred by the statute of limitations. See Mount Sinai Hosp. of Greater Miami, Inc. v. Cordis Corp., 285 So.2d 645, 646 (Fla. 3d DCA 1973); Sodikoff v. Allen Parker Co., 202 So.2d 4, 6 (Fla. 3d DCA 1967). The trial court was correct in determining that the common law tort claims are subject to a four-year statute of limitations pursuant to section 95.11(3)(0), Florida Statutes. The claims for civil theft and civil RICO are barred by the five-year statute of limitations, according to sections 812.035(10)and 895.05, Florida Statutes.
Finally, Efron has not set forth any argument or support for his position as to why the trial court’s corrected order awarding the defendants attorneys’ fees and costs should be reversed. Thus, because we find that the trial court’s judgment on the accounting claims should be affirmed, we also affirm the orders awarding the defendants their attorneys’ fees and costs.
Affirmed.